JUDGE PETERS
delivered the opinion of the court.
This action was brought by appellees against appellant to recover thé value of eighty-three mink-skins and one otter-' skin, which they allege appellant failed to deliver to their consignee in the City of New York.
*500 They allege that appellant is engaged as common carrier alone, having agencies and offices in the various towns and cities in Kentucky; that on the 31st of December, 1867, they delivered to the agent of appellant in the city of Paducah one box containing six hundred and twenty-one mink-skins, six otter-skins, and one bear-skin, which it received at its office in Paducah, and undertook and agreed to deliver to J. B. Chamulleir, agent of appellees in the City of New York; that the box was delivered to said agent in said city, but when he received it there were only five hundred and thirty-eight mink-skins in it and five otter-skins, being eighty-three mink-skins and one otter-skin less in the box than when delivered to appellant; which missing skins appellees allege it failed to deliver as by its contract and agreement, which is filed as a part of the petition, it undertook to do, and pray for judgment against the express company for the value of said skins.
The foregoing is the substance of the first paragraph of the petition. The second is in effect in indebitatus assumpsit. A verdict was found against appellant and judgment rendered in conformity thereto; and a motion for a new trial having been overruled, this appeal is prosecuted.
By the terms of the bill of lading or contract by which appellant undertook to transport the box of goods in question to the consignee of appellees in New York, it is expressly provided that said express company are forwarders only, and are not to be held liable or responsible for any loss or damage to said property while being conveyed by the carriers to whom the same may be by said express company intrusted, or arising from the dangers of railroads, ocean or river navigation, steam, fire in stores, depots, or in transit, leakage, breakage, or from any cause whatever, unless in every case the same be proved to have occurred from the fraud or gross negligénce of said express company or their servants.
As we do not feel authorized to reverse the judgment on *501 the ground that the verdict is against the weight of evidence, and as the instructions given to the jury on motion of appellees were not objected to, and all of those given as asked by appellant, except the one marked “ No. 7,” the only question raised by this appeal is whether the court erred in refusing that instruction which reads as follows: “ If the jury believe from the evidence that the parties agreed that the company was not to be held responsible for loss or damage, unless the same was caused by the fraud or the gross negligence of the defendant, before the plaintiffs can recover in this action they must prove to the satisfaction of the jury such fraud or negligence.”
The appellant undertook by a special contract in writing to deliver the box to appellees’ consignee in New York. That contract is made the foundation of appellees’ action; they sue upon it and make it a part of their petition ,• and so far from there being any allegation that it was not fairly made, or that it was obtained by duress, imposture, or delusion, it is fully recognized by appellees as obligatory, and made the basis of their recovery in this action.
By this special contract the appellant’s responsibility as common carrier under the rules of the common law was relaxed ; and under the ruling of this court in Adams Express Co. v. Nock, 2 Duvall, 502, in the absence of any allegations calling in question its fairness or binding force, it must be regarded as obligatory.
The instruction No. 7 was therefore improperly withheld, as appellant was only by the terms of the contract to be responsible for fraud or gross negligence.
Wherefore the judgment is reversed, and the cause is remanded for a new trial and further proceedings consistent herewith.