SMITHA v. LOUISVILLE & NASHVILLE RAILROAD CO.

(*Nashville.*    December 15th, 1887.)

COMMON CARRIER.    *Contract for shipment of live stock.    Void for uncertainty and unreasonableness.*

A contract, whereby a shipper of live stock agrees that, as a *condition precedent* to his right to recover of a common carrier for negligent injuries of his stock by the carrier, he will give written notice of his claim to *some officer* of the carrier, or its *nearest station agent, before* said stock is *removed from its place of destination or of delivery to the shipper, and before it is mingled with other stock,* is void for uncertainty as to the person to whom the notice should be given, and because it is an attempt to protect the carrier from liability for losses caused by its own fault, by imposing an unreasonable and difficult duty on the shipper as a condition precedent to his right to recover.

---

FROM  DAVIDSON.

---

Appeal in error from the Circuit Court of Davidson County.    FRANK T. REID, J.

Action for damages brought by a shipper of live stock against a common carrier for alleged negligent injuries of the stock by the carrier. Judgment for defendant below.    Plaintiff appealed.

ALLEN & COVINGTON and THOS. J. FREEMAN for Smitha.

SMITH & ALLISON for Railroad Co.

TURNEY, C. J. This action was brought to recover damages for injuring stock shipped from Nashville to Vicksburg over several lines of way.

There is proof tending to show the injury was the result of the negligence of the defendant's agents, and change of cars in violation of the contract. The last clause of the contract is: "And for the consideration before mentioned, said party of the second part further agrees that, as a condition precedent to his right to recover any damages for loss or injury to said stock, he will give notice, in writing, of his claim thereof to some officer of said party of the first part, or its nearest station agent, before said stock is removed from the place of destination above mentioned, or from the place of delivery of the same to said party of the second part, and before said stock is mingled with other stock."

The Court charged: "A failure to give notice was fatal to plaintiff's right of recovery; that the notice, though not reduced to writing, would be sufficient."

This is error. The stipulation is uncertain and ambiguous. There is nothing by which it can be ascertained who is an officer, or what degree of agency, or what relationship any individual must bear to the corporation to be one of its officers, or make his position an office of the company. It does not give the name of the nearest station, or use such language as by reasonable construction will designate a single agent to whom the notice

shall be given, or which is the nearest station of several in a city, nor at what terminus, etc. These things were known to the corporation, and should have been definitely set out if they can be enforced at all.

It is unreasonable in requiring the shipper to retain his stock at the place of destination or delivery, and unmingled with other stock, until the written notice shall have been given.

It is void, because it undertakes to protect the carrier from loss occasioned by his own fault, by imposing an unreasonable and difficult duty on the shipper as a condition precedent to his right to suit, and that, too, when that duty is to communicate facts as well or better understood by the corporation than the shipper.

Such notice cannot possibly serve any good purpose, and will not be tolerated to entrap. We do not mean to hold that in no case can a carrier stipulate for notice of loss or injury if it be reasonable, definite, and certain in its terms, pointing out specifically its mode of execution. The question does not arise.

Reverse and remand.