PHILO N. BAXTER

*v.*

LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY CO.

*Filed at Ottawa January 19, 1897.*

1. CARRIERS—*carrier may reasonably limit time for claiming damages.* A common carrier, by contract with the shipper fairly entered into, may reasonably limit the time and manner in which claims for damages for injury to consignments shall be made.

2. SAME—*provision as to time for claiming damages is collateral to main contract.* A provision in a stock contract that the shipper, "as a condition precedent to his right to recover damages for loss or injury to stock, shall give notice in writing of his claim to some officer," etc., is collateral to the main contract.

3. SAME—*failure of shipper to aver compliance with collateral provision taken advantage of by demurrer.* The failure of a shipper declaring on an entire contract of shipment to aver compliance with its collateral provisions should be taken advantage of by demurrer, and cannot be made the basis of a motion to instruct for defendant.

4. SAME—*reasonableness of requirement as to method for claiming damages depends on the particular facts.* Whether a provision of a shipping contract prescribing the time and method for the shipper to make his claim for damages is reasonable, depends upon the facts and circumstances surrounding the contracting parties in each case.

5. SAME—*construction of provision prescribing method for claiming damages when shipment ends on carrier's line.* When a shipment terminates upon the forwarding carrier's line, a shipper seeking to avoid a condition of his contract prescribing the time and method for his claiming damages has the burden of proving that compliance with its terms is impracticable or unreasonable.

6. SAME—*requirement as to method for claiming damages construed, when shipment ends on connecting line.* When a shipment terminates on a connecting line, the forwarding carrier, seeking to defeat a recovery of damages because the shipper failed to file his claim with its officer or nearest station agent, must show that it had an authorized officer or agent near the place of delivery, whom the shipper could have found by exercising reasonable diligence.

*Baxter v. L., N. A. & C. Ry. Co.* 64 Ill. App. 130, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

BULKLEY, GRAY & MORE, for appellant.

GEORGE W. KRETZINGER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant sued appellee in the circuit court of Cook county for a failure to safely carry certain live stock from Chicago to Richmond, Va., under a contract of shipment evidenced by three receipts in writing, dated September 28, 1891, signed by the agents of the respective parties. At the close of plaintiff's evidence the defendant made the following motion: "Defendant moves the court to instruct the jury to return a verdict for the defendant, because the plaintiff has failed to allege or prove compliance on his part with an express provision contained in the contract sued on, requiring him to make his claim for damages in writing, in the manner and within the time in said contract provided, and that no such claim was made in writing by the plaintiff at any time before the commencement of this suit, or by any one on his behalf, and no claim whatever, as required in this portion of the contract, is averred in the declaration or shown by the evidence." After hearing the argument the motion was sustained and the jury instructed to return a verdict for the defendant, and this being done, judgment was entered against the plaintiff for costs of suit. The Appellate Court having affirmed that judgment, this appeal is prosecuted.

The provision in the contract on which the motion was based is as follows: "And for the consideration before mentioned the said party of the second part further agrees, that, as a condition precedent to his right to recover any damages for loss and injury to said stock, he will give notice in writing of his claim thereof to some officer of said party of the first part, or its nearest station agent, before said stock is removed from the place of destination above mentioned, and from the place of

delivery of the same to said party of the second part, and before such stock is mingled with other stock." There is no allegation in the declaration of compliance with this provision nor of excuse for failure to do so, neither was any direct proof of such compliance or excuse offered upon the trial, but plaintiff's sole reliance was and is that said condition is unreasonable, and therefore void. The defendant's contention is, that while the plaintiff might have declared against it upon its common law liability, and insisted upon the invalidity of this condition, yet, having elected to declare in assumpsit upon the contract, he was bound to treat it as a whole, and is concluded by this as well as all other terms and conditions therein agreed upon; also, that having himself offered the contract in evidence he cannot now be heard to question the validity of any part of it.

It is the settled law, at least in this State, that a common carrier, by contract with the shipper fairly entered into, may limit the time within which claims for damages for injury to the goods shipped shall be made, provided the time and conditions made in the requirement are reasonable. Thus, it was held in *Black* v. *Wabash, St. Louis and Pacific Railway Co.* 111 Ill. 351, that a condition in a contract of shipment that any claim for loss or damage should be made in writing, etc., and delivered to the general freight agent of the company at St. Louis within five days from the time the stock was removed from the cars, was a reasonable and valid condition,— and this case, with others, is relied upon as sustaining the reasonableness of the condition here under consideration. The first question, however, to be determined upon the argument of counsel is, could the plaintiff below, appellant here, in view of his declaration and proof, raise the question of reasonableness and validity of the condition named.

It is said by Hutchinson in his work on Carriers (sec. 574): "So, if the plaintiff sue upon the contract, he must

state the whole of it.   If, for instance, there are embodied in it limitations of the liability of the carrier, they must be stated."    And illustrations are there given of the application of the rule.    In the following sections he states the reasons for requiring such particularity in the declaration, but in section 756 says: "But a mere collateral provision, distinct from that portion of the contract which qualifies the liability of the carrier, and which contains 'the entire consideration for the act and the entire act which is to be done,' need not be stated,—as, for instance, a provision which recites only the manner in which the damages shall be liquidated after a right to them has accrued by a breach of the contract, or a notice that the carrier was not to be liable beyond a certain amount unless the goods were entered and paid for as being above that value.    A provision of the former kind would be merely collateral to the main contract, which would be to carry the goods, and the former would be no part of the express contract to carry, although it might have the effect of the contract in estopping the owner of the goods from claiming a greater sum,"—citing *Clark* v. *Gray*, 6 East, 564.   And he further says: "And such words would be a condition in the contract that unless demand or claim were made for the loss within a certain time after its occurrence, or after the date of the shipment, the liability of the carrier should cease."

We understand that *Wedsell* v. *Dinsmore*, 4 Daly, 194, *Adams Express Co.* v. *Loeb & Bloom*, 70 Ky. 501, and the text quoted from Lawson on Contracts of Common Carriers, (sec. 354,) cited by counsel for appellee, are not in conflict with the rule thus announced.    In the first case, speaking of the contract of shipment offered in evidence, the court said: "If it is to be used at all as an instrument of evidence on his part it must be taken all together, and the contract collected from all that is contained in it,"— that is to say, all the terms of the agreement which constitutes the contract of shipment as to its terms and

limitations. But it does not follow that mere collateral provisions, as this is termed, must be either pleaded or considered in determining the contract. In the Kentucky case the decision turned upon the refusal of the trial court to instruct the jury that if the parties agreed that the company was not to be liable unless the loss was caused by fraud, etc., before plaintiffs could recover they must prove the fraud, and the court said, speaking of a special contract of shipment: "That contract is made the foundation of appellees' action. They sue upon it and make it a part of their petition, and, so far from there being any allegation that it was not fairly made or that it was obtained by duress, imposture or delusion, it is fully recognized by appellees as obligatory, and made the basis of their recovery in this action. By this special contract the appellant's responsibility as common carrier, under the rules of the common law, was relaxed, and under the rulings of this court in *Adams Express Co.* v. *Nock*, 2 Duvall, 562, in the absence of any allegations calling in question its fairness or binding force, it must be regarded as obligatory." It was accordingly held that the refusal of the instruction was reversible error. But there, it will be seen, by the terms of the contract the liability for damages was limited to injury or loss caused by fraud, the question of fraud entering into the contract of shipment limiting the liability of the carrier. And so it will be seen that the cases referred to by Lawson in section 254, *supra*, are those in which the question is whether the shipper assented to the exemption under which the carrier seeks to escape liability.

The condition here relied upon by the defendant to defeat plaintiff's action is not that under the terms of the contract he had no right to recover damages, but that his right of action for such damages is defeated because of a failure to give notice and claim them within a certain time. In other words, the reliance upon this condition presupposes that damages have been sustained

within the terms of the contract of shipment, but that by the provisions of this mere collateral requirement they cannot be recovered. But the declaration in this case declares upon the contract, and even if it ought to be held defective in not averring compliance with the condition, that defect should have been taken advantage of by demurrer, and could not, under any recognized rule of practice, be made the basis of a motion to instruct the jury to find for the defendant; and so the question here must be, was the plaintiff conclusively bound by this provision merely because he offered the whole contract in evidence? His position is, that that part of the contract is unreasonable and therefore void, and if, under all the proofs submitted, including the various terms of the contract, it should be so treated, manifestly he is not bound thereby.

The question then remains, is the provision void for unreasonableness? It appears from the authorities generally on this question, that it must be determined from all the facts and circumstances of each particular case, and hence decisions are found holding substantially the same provision valid under one state of facts and invalid under another and different state of facts. The case of *Black* v. *Wabash, St. Louis and Pacific Railway Co. supra*, and cases cited in 11 Ill. App. 465, with others, are relied upon by counsel for appellee as sustaining the provision. It will be seen that in the *Black case*, and many of the others so relied upon, the carriage was by railroad companies over their own lines, and the requirement was to give notice to a particular agent, within a time fixed,— in the *Black case*, to the general freight agent in the city of St. Louis, within five days. In other cases, as 63 Mo. 314, and 12 Kan. 416, where the condition was that notice should be given at or before the unloading of the stock, the place of delivery was upon the line of the carrier itself, and in both those cases the court takes into consideration the facts and circumstances surrounding the

parties at the time. In the Kansas case it is said, after stating the facts: "Under these circumstances we cannot hold that the time when the notice was to be given was unreasonable. * * * Nor would such a notice be reasonable in the case of an ordinary shipper who did not accompany and superintend his stock, nor would it probably prevent a recovery for injuries sustained which could not readily be seen, and actually should not be discovered until the time for giving notice had expired."

It appears from the contract sued upon in this case, that the line of the defendant terminated at Louisville, Kentucky, and its liability is limited to damages resulting from neglect of duty on its own line, the place of destination being many hundred miles beyond that terminus and the carriage to be over connecting lines. It is fairly inferable from all the facts introduced upon the trial, if not from the contract itself, that the defendant had no station agent at or near the place of destination, or any officer at that place, and the question therefore is, is this provision, under the facts, so unreasonable and contrary to public policy as that it should be held unreasonable and void? "The place of destination above mentioned" was "Richmond, Virginia, Station," and hence the requirement, if valid, was, that before the animals were removed from that station, and before they were mingled with other stock, the shipper should give notice of his claim for damages. This, of course, to be of practical benefit to the defendant, meant more than a mere notice that damages would be claimed, but that the nature, character and amount of such damages should be stated, so that the defendant might inquire into and investigate the claim before the stock was removed and mingled with other stock. The evidence shows that upon arrival the horses were found to be in such a condition as that immediate attention and care were required to prevent additional and greater loss than had at that time been incurred; that it was necessary to feed, water

and care for the animals, and at as early a period as practicable remove them to pasture, there being no place at the station except the stock yard, in very bad condition, at which they could be kept. The particular person to whom notice was required to be given is not designated in the provision, but the shipper is left to hunt up, without any specific directions, "*some officer of said party of the first part, or its nearest station agent,*" thus making it his duty to keep the stock at the station, separate from other stock, until he could ascertain such officer or agent. As was said in *Smitha* v. *Louisville and Nashville Railway Co.* 86 Tenn. 198, of a stipulation identical with the one here in question: "The stipulation is uncertain and ambiguous. There is nothing by which it can be ascertained who is an officer, or what degree of agency or what relationship any individual must bear to the corporation to be one of its officers or make his position an officer of the company. It does not give the name of the nearest station, or use such language as, by reasonable construction, will designate a single agent to whom notice shall be given, or which is the nearest station of several in a city, or at what terminus, etc. These things were known to the corporation and should have been definitely set out, if they can be enforced at all. It is unreasonable in requiring the shipper to retain his stock at the place of destination or delivery, unmingled with other stock, until the written notice shall have been given. It is void because it undertakes to protect the carrier from losses occasioned by his own fault, by imposing an unreasonable and difficult duty on the shipper as a condition precedent to his right to suit." The same doctrine is held in the case of *Coles & Co.* v. *Louisville, Evansville and St. Louis Railroad Co.* 41 Ill. App. 607, and the language of the court in that case is, we think, of forcible application to the facts in this case. It is true, the Supreme Court of Kansas, in the case of *Sprague* v. *Missouri Pacific Railway Co.* 34 Kan. 347, held otherwise, the provision in that case being

also identical with the one here under consideration and passed upon in the two cases last above cited. The facts, however, in that case were essentially different, in that there the carriage was over the line of the defendant, and, of course, its nearest station agent to the place of destination was easily ascertained. That court does not, however, and we think no court could intelligently, hold that such a provision is, in and of itself, reasonable and valid, regardless of the facts and circumstances surrounding the parties to the contract. Here the defendant is insisting upon a contract limiting its liability to its own line, and at the same time insisting upon the validity of a stipulation in that contract requiring the shipper, as a condition precedent to his right to recover such damages, to give notice of his claim at a place of destination upon another line wholly disconnected from its own, to one of its officers or its nearest station agent, no matter how remote from such place of destination.

We think, under these facts, that part of the provision which requires notice to *some* officer is unreasonable and uncertain, because it in no way indicates or designates what officer or where he may be found, and that the requirement that notice shall be given to the nearest station agent is impracticable of performance, because no means are given the shipper to ascertain who such agent is, or his station. The defendant had station agents along its line at various points from Chicago to Louisville. Which of these many agents would, under the terms of this provision, be regarded the nearest station agent would, it must be conceded, be a matter of very difficult ascertainment. It might be an agent anywhere along the line in the State of Indiana or Illinois who could be reached by the shortest line from Richmond station to that place. If not the nearest agent so ascertained, what agent is meant? Was it the station agent at Louisville, Kentucky, or at Chicago? There is nothing in the contract from which it can be so determined; and if the

provision was held reasonable and valid, and the shipper, before removing the stock or mingling it with other stock, had notified either of these agents, no reason is perceived why the defendant could not have successfully interposed the objection that other station agents along the line were nearer to Richmond station, and so the contention, if made, that the contract is susceptible of such meaning, is answered by the fact that the very contention itself only adds to the uncertainty and indefiniteness of the provision.    The evidence also tends to show that the full amount of damages sustained could only be ascertained after reasonable time and opportunity had been given the owner of the animals to care for and restore them to a healthy condition.

We do not hold the condition, in and of itself, unreasonable, or that it would not be enforcible as a condition precedent to the plaintiff's right to bring his action, when applied to a shipment by a carrier over its own line, the place of delivery being upon such line, but we do hold that, as applied to the facts in this case, the condition is so unreasonable and impracticable of performance as to render it void.

It would seem that the apparent conflict between decisions bearing on the question may be reconciled upon the just construction, that when the shipper seeks to avoid such a condition as applied to a shipment over the carrier's own line, the burthen is upon him to prove such facts and circumstances as render compliance with its terms impracticable or unreasonable, but that when the carrier seeks to apply it to a shipment terminating on a connecting line, it must show that it had an officer or station agent at or near the place of delivery upon whom the required notice could have been served, and who could, by reasonable diligence on the part of the consignee, have been ascertained and found.

We see nothing in the facts of the case to authorize a recovery from the defendant for damages sustained upon

connecting lines, but the effect of the judgment of the trial court sustaining the validity of the condition not only relieved it from that liability, but also from recovery for damages claimed to have resulted on its own line.

We think the circuit court erred in sustaining the motion, and its judgment, and that of the Appellate Court, will accordingly be reversed and the cause remanded, with directions to proceed in conformity with the views herein expressed.                    *Reversed and remanded.*