## Virgil B. Mays, Plaintiff in Error, v. Wells Fargo & Company, Defendant in Error.

### Gen. No. 21,142.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURT-NEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed May 12, 1916. Rehearing denied May 24, 1916.

### Statement of the Case.

Action by Virgil B. Mays, plaintiff, against Wells Fargo & Company, a corporation, defendant, to recover damages for unauthorized delivery of express shipment. To reverse a judgment for defendant, plaintiff prosecutes a writ of error.

Plaintiff's claim was for the loss of an express shipment made February 9, 1911, consigned to his own order at Harris, Missouri. The statement of claim set

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

forth the shipment and a wrongful and unauthorized delivery of the goods to some one not entitled to receive them. Defendant denied that the delivery was unauthorized, and further set out that said shipment was made under a contract in part as follows:

"In no event shall the company be liable for any loss, damage or delay unless written claim therefor shall be presented to it within 90 days of the date of such loss, damage or delay, and any suit or suits for or on account of such loss, damage or delay shall be brought within one year from the date hereof, or be forfeited, any statute of limitations to the contrary notwithstanding."

Defendant further stated that no claim was made within the ninety days, and no suit was brought within the year.

The court found that the defendant negligently made an unauthorized delivery, but further found that the plaintiff failed to comply with the terms of the bill of lading, and, therefore, could not recover.

WINSTON & LOWY, for plaintiff in error.

HOLT, CUTTING & SIDLEY, for defendant in error; J. D. DICKERSON, of counsel.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 162*—*when provisions in bill of lading as to notice of claim and commencement of suit valid.* A provision in a bill of lading that the carrier shall not be liable for loss, damage or delay unless written claim therefor is made within ninety days of such loss, damage or delay, and suit commenced within one year therefrom, is binding on shipper and failure to comply therewith precludes recovery for unauthorized delivery.

2. CARRIERS, § 171a*—*when provisions in bill of lading as to no-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*tice of claim and commencement of suit preclude recovery for unauthorized delivery.* A provision in a shipping contract that claim for loss, damage or delay must be made within a certain time after such loss, damage or delay, and suit brought within a certain time, precludes a recovery for unauthorized delivery though the action be in trover.

3. CONFLICT OF LAWS, § 21*—*what law governs in action for damages for injury to interstate shipment.* The decisions of the United States Supreme Court are the law of the case where liability under a contract for interstate shipment is in issue.