Childers & Lillienstein v. Illinois Central R. Co., 206 Ill. App. 535.

Mr. Justice Graves delivered the opinion of the court.

## Abstract of the Decision.

1. Sales, § 262*—*what constitutes warranty of animal.* The statement in the advertisement of a horse for sale that the horse is "sound" constitutes a warranty and not a mere representation, especially where the seller offers to return the money paid for any horse which is shown by certificate of the examining veterinarian to have any other unsoundness or blemish than that pointed out before the sale.

2. Sales, § 269*—*where horse is not sound.* A horse which is afflicted with distemper at the time of sale is not sound.

---

## Childers & Lillienstein, Appellee, v. Illinois Central Railroad Company, Appellant.

1. Carriers, § 248*—*when evidence does not show injury to horse by carrier.* In an action by a shipper of a car of horses to recover for injury of a horse, evidence held insufficient to show that the horse was injured while in the possession of defendant.

2. Carriers, § 241*—*when evidence is insufficient to show waiver of notice of injury to stock.* In an action by a shipper of a car of horses to recover for injury of a horse, evidence held insufficient to show that the shipper served the notice required by the shipping contract providing that no claim for loss or damage shall be valid unless made within ten days from the time the stock is removed from the car, or that such notice was waived.

Appeal from the Circuit Court of Sangamon county; the Hon. James A. Creighton, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of facts. Opinion filed July 14, 1917.

Graham & Graham, for appellant; John G. Drennan, of counsel.

Smith & Friedmeyer, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Childers & Lillienstein, plaintiff, is a corporation. Its principal office is in Springfield, Illinois. The business of the corporation is buying, selling and shipping live stock. On August 5, 1915, plaintiff shipped part of a carload of horses from Cooksville, Illinois, consigned to Guyton & Harrington at East St. Louis, over the defendant railroad, with directions to stop the car at Springfield, Illinois, to finish loading. Plaintiff began this suit November 22, 1915, before a justice to recover damages for injury to one of the horses claimed to have been injured when unloaded at East St. Louis. From the judgment of the justice an appeal was taken to the Circuit Court, where on a trial before a jury a verdict was returned in favor of plaintiff for $54, on which judgment was rendered. The defendant prosecutes this appeal.

The shipment was made under a uniform limited liability live stock contract, signed by an agent of appellee, which was introduced in evidence by it. The contract contains an agreement by the shipper that no claim for loss or damage against the carrier shall be valid unless made in writing, verified by affidavit and delivered to an agent of the carrier within ten days from the time the stock was removed from the car. Eli Lillienstein testified that he had been engaged in the business thirty-five years and there is no pretense or claim on the part of appellee that the contract was not knowingly and understandingly entered into by its agent.

Appellant urges that appellee is barred from a recovery by reason of its failure to comply with the provisions of the contract concerning notice, and that the evidence fails to show that the horse had been injured when it was removed from the car. The evidence

shows that the horse was in good condition when the shipment left Springfield. There is no evidence that the horse was injured either before it was removed from the car or while it was being removed from the car at East St. Louis. The evidence shows that some time after the horses had been unloaded, and while they were in Harrington's yard, the horse involved in this suit was found to have his hock cut.

There is no proof in the bill of exceptions that appellant ever served the notice required by the shipping contract or that the appellant in any way waived the provision of the contract concerning notice of claim.

Appellant contends that a limitation within which suit must be brought or claim filed is valid if reasonable and that a five-day limitation for filing a claim is reasonable, and failure to file claim within the time limit and terms of a live stock shipping contract is fatal to a recovery, and cites as authority for such propositions: *Baxter v. Louisville N. A. & C. Ry. Co.,* 165 Ill. 78; *Black v. Wabash, St. L. & P. Ry. Co.,* 111 Ill. 351; *Missouri K. & T. Ry. Co. v. Harriman Bros.,* 227 U. S. 671; *Mays v. Wells Fargo & Co.,* 199 Ill. App. 443; *Sweetser v. Chicago & A. R. Co.,* 196 Ill. App. 623; *Baltimore & O. S. W. R. Co. v. Ross,* 105 Ill. App. 54.

Appellee concedes the validity of the uniform shipping contract introduced in evidence by it but insists that it was waived. There is no evidence in the bill of exceptions that tend to show any waiver.

The judgment must be reversed with a finding of facts that the evidence does not show the horse was injured while in the possession of the defendant, and also that no notice was filed within ten days as required by the shipping contract.

*Reversed with finding of facts.*