GAFFNER v. PIGOTT et al.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1902.)

No. 743.

1. COLLISION—STEAMERS ON SAME COURSE—WILLFUL OBSTRUCTION OF FOLLOWING VESSEL.

Where the forward of two vessels pursuing the same course, and therefore having the right of way, is willfully thrown in the way of the other, she cannot recover for a collision ensuing, although the rear vessel be not without fault.

¶ 1. See Collision, vol. 10, Cent. Dig. § 62.

**2. SAME—APPEAL—REVIEW OF FINDINGS OF FACT.**

A finding of the trial court, as a matter of fact, upon evidence substantially conflicting upon all points, that one of two vessels was solely in fault for a collision between them, will not be disturbed by the appellate court.

Appeal from the District Court of the United States for the Northern Division of the District of Washington.

C. W. Corliss, for appellant.

W. R. Bell and J. H. Dawes, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. This was a suit in rem to recover damages for injuries to the steamer Pilgrim, growing out of a collision with the steamer Mary F. Perley, which occurred during the regular trip of both vessels from Seattle, Wash., to Port Orchard and neighboring landing places. Both boats were engaged in carrying passengers and freight between those places. The Pilgrim is the smaller and faster, and the Perley the larger and slower, boat. The collision occurred when it was light, and at a place where there was ample water for the proper navigation of the steamers, without the slightest danger of collision. When the boats came together, and for some time before, the Pilgrim was slightly in advance of the Perley, and the collision consisted of the striking of the bow of the Perley against the port quarter of the Pilgrim, knocking out one of the blades of the latter's propeller, and pushing her in such a way as to almost capsize her. It is insisted on the part of the appellant that the collision was brought about by an improper attempt on the part of the Pilgrim to cross the bow of the Perley, and further, that from the time the boats left Seattle, which was practically the same time, the Pilgrim intentionally took a zigzag course in front of the Perley, for the purpose of keeping in her way and impeding her progress. It is no doubt true, as contended by the appellant, that where the forward of two vessels pursuing the same course, and therefore having the right of way, is willfully thrown across the path of the other, she cannot recover for a collision ensuing, although the rear vessel be not without fault. But the court below, upon evidence which is substantially conflicting upon all of the points of the case, found against the appellant on both of the points mentioned, and further found that the collision was caused by the sole fault of the Perley. We have read the evidence attentively, and under the rule prevailing here would not be justified in interfering with the conclusions of the court below.

The judgment is affirmed.