## The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co. v. W. R. Patton.

1. DAMAGES—*Live Stock Injured by Carrier.*—The measure of damages where stock is injured by the negligence of the carrier is the difference between the market value of the stock in the condition in which they would have arrived but for the negligence of the carrier, and their market value in the condition in which, by reason of such negligence, they did arrive.

2. EVIDENCE—*Admission of Copy of Letter Without Prior Demand to Produce Original.*—Plaintiff is not bound to show a prior demand upon a freight claim agent to produce the original claim for damages, when the agent's letter showed that it had been sent by him to plaintiff's attorney and the attorney had testified that he had received it and had lost it.

3. CONTRACTS—*Question of Acceptance is One for the Jury.*—Unless the shipper accepts the contract and understands and assents to the restrictive provisions thereof, he will not be bound thereby, and the question is one for the jury.

Trespass on the Case, for injuries to live stock. Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

GEORGE F. MCNULTY, and NEAL & WILEY, attorneys for appellant.

CHARLES C. LEE and CRAIG & KINZEL, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellee, W. R. Patton, sued the appellant, The Cleveland, Cincinnati, Chicago & St. Louis Railway Company, in the Circuit Court of Coles County, in an action on the case to recover damages for alleged injuries to nineteen horses which he had shipped over its railroad from Charleston, Illinois, to Buffalo, New York.

Appellant pleaded the general issue, and in a trial by jury, appellee recovered a verdict and judgment for $1,200. Appellant having moved for a new trial, which was denied, brings the case to this court by appeal and urges a reversal

of the judgment upon the alleged grounds that the trial court admitted improper and excluded proper evidence; gave improper and refused proper instructions; and that the verdict and judgment are contrary to the evidence and the law applicable to the facts in the case.

It appeared that appellee shipped from Charleston, Illinois, to Buffalo, New York, nineteen horses over appellant's railroad in an "Ames Palace Car" which had separate stalls for each horse. When the car containing the horses was attached to the train that took it from Charleston, it was bumped very hard, and when the horses arrived at Indianapolis, Indiana, it was found that one of them was dead, its neck being broken; two more were lying down and badly wounded; and the others were more or less bruised.

They were unloaded at Indianapolis and remained there several hours, two of them being sold there by appellee. The remaining sixteen were reloaded and taken by appellant to Buffalo, where they arrived in such poor condition on account of being bruised, that they could not be sold for more than $50 each; but had they been in as good a condition as they were when received at Charleston, they could have been sold at from $100 to $125 each.

Appellee took charge of the sixteen horses at Buffalo and kept them for over a month before he got them in condition to sell, incurring considerable expense on that account, and then he sold them.

After the horses had been received at Charleston, and a short time before the train which took them away arrived there, the station agent of appellant there, procured appellee to sign a live stock contract for the shipment of the horses which appellee did not read over, and which he testified he supposed was only a written request for the free transportation of an attendant to accompany the horses on the journey. The agent testified that he did not call appellee's attention to the contents of the contract for the reason that appellee had shipped horses from Charleston over appellant's railroad before, and had always signed similar contracts when so shipping, and that he supposed appellee was familiar with the contents of the contract.

The horses were shipped on February 21, 1901, and arrived at Buffalo February 24, 1901, and between Indianapolis and Buffalo encountered a severe cold spell which caused some of them to contract a severe cold.

The written contract of shipment which appellee and the agent of appellant signed for it, stipulated that the carrier's liability for the horses should not in any event exceed $1,200, and that it should not be liable for any damages caused by either cold or change of weather, or for delay caused by stress of weather, or any obstruction of track; and that in the event of any unusual delay or detention caused by the negligence of the carrier or its connecting carrier or employes, the shipper agrees to accept as full compensation for all loss or damage sustained, the amount expended by the shipper for the purchase of food and water for the stock while so detained.

The contract further provided that one person should be transported free of additional charge by appellant, from the place where the horses were shipped, to destination and return, and that "no claim for damages which may accrue to the said shipper under this contract shall be allowed or paid for by the carrier, or sued for in any court by the said shipper, unless a claim for such loss or damage shall be made in writing, verified by the affidavit of the shipper or his agent, and delivered to the freight claim agent of the carrier at his office in the city of Cincinnati, Ohio, within five days from the time said stock is removed from the said car or cars."

When counsel for appellant was cross-examining appellee he was asked what the sixteen horses sold for after he had conditioned them for market, and counsel for appellee objected on the ground that it was immaterial, for the reason that the measure of damages was the difference in value between what the horses were worth upon arrival at Buffalo in the condition they were in when received at Charleston and when delivered at Buffalo. The court sustained the objection and counsel for appellant preserved an exception, and insists that in so ruling the court committed prejudicial error against appellant.

We concur with the Circuit Court in its ruling upon the question, for the rule is that " the measure of damages in cases like this, is the difference between the market value of the horses in the condition in which they would have arrived but for the negligence of the carrier, and their market value in the condition in which, by reason of such negligence, they did arrive." New York, Lake Erie & Western R. R. Co. v. Estill, 147 U. S. 591, L. Ed. 38. 896, and cases cited.

Therefore it was immaterial what the horses sold for more than a month after they arrived at Buffalo and after appellee had cured them of their wounds.

Appellee offered in evidence a copy of a claim for the damages in question which he had put in writing and verified by his affidavit and sent by mail to the freight claim agent of appellant at the office of said agent in the city of Cincinnati, Ohio, within five days from the time said horses were removed from the car upon their arrival at Buffalo, together with a letter from said freight claim agent written from his office at Cincinnati to appellee's attorney, acknowledging the receipt of such verified claim and returning it to said attorney for further information concerning such claim, but upon the objection of counsel for appellant such offer was refused for the reason that the copy was not the best evidence; thereupon appellee's attorney, who had sent the verified claim and received said letter, took the witness stand and testified that the original verified claim was lost by him, and that after diligent search he had been unable to find it; and that the copy offered in evidence was a correct copy. The court then admitted the copy and letter over the objection and exception of counsel for appellant, and that ruling is urged as being erroneous for the alleged reason that no demand for the original had been made upon the freight claim agent of appellant.

It seems plain to us that appellee was not bound to show a prior demand upon the freight claim agent to produce the original, when his letter showed that it had been sent by him to the attorney of appellee, and he had testified

that he received it and had lost it. We hold that the court properly admitted the copy.

The jury was warranted in finding from the evidence that one of the horses was killed, and that the others were damaged by the negligence of appellant in transporting them, and their verdict to that extent was right.

It is contended for the first time in this court that the amount of damages awarded by the jury is excessive, but in the absence of such claim being made in the trial court, we will not reverse the judgment on that account, where there is evidence to support the amount recovered, and no claim is made in the trial court that it is excessive, so that that court might have compelled a remittitur and thus obviated such objection, if, in the opinion of that court, there was any ground therefor.

It is also insisted by counsel for appellant, that the court improperly submitted to the jury whether or not the appellee understood and assented to the restrictive provision in the live stock contract which he signed after the horses were received by appellant, for the reason that there was no evidence that the agent of appellant practiced any fraud upon appellee in any manner by improperly inducing him to execute it; but the rule is, as we understand it, that unless appellee (the shipper) accepted the contract and understood and assented to the restrictive provisions thereof, he will not be bound thereby, and there was evidence that appellee did not so accept and understand the contract in question, and the court properly submitted the question, which was one of fact, to the jury. Chicago & Alton R. R. Co. v. Davis, 159 Ill. 53.

A careful consideration of the entire record in this case has convinced us that appellant must have handled the horses which it undertook to safely transport for appellee, very negligently, for they were badly bruised, wounded and injured to an extent that warranted the jury in assessing the damages at $1,200, and therefore we will affirm the judgment.