## Michigan Central Railway Company v. George Osmus.

### Gen. No. 4,658.

1. CARRIER—*when burden upon, to absolve itself from liability for damage in transitu.* If it is shown that the property in question was delivered to the carrier in good order and reached its destination in bad order, the burden is upon the carrier to show that such property was not injured through its neglect.

2. MEASURE OF DAMAGES—*in action for injury to property in transitu.* The true measure of damages is the difference between the market value of the property at the point of destination in the condition in which it would have arrived but for the negligence of the carrier, and its market value in the condition in which it did arrive.

3. CONTRACT—*by whom to be construed.* A contract in evidence in a case is to be construed by the court and it is error to leave its construction to the jury.

Action in case. Appeal from the County Court of Will county; the Hon. DWIGHT C. HAVEN, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded. Opinion filed October 16, 1906.

J. L. O'DONNELL and T. F. DONOVAN, for appellant; WINSTON, PAYNE & STRAWN, of counsel.

DONAHOE, McNAUGHTON & McKEOWN, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case by appellee against appellant to recover damages to a carload of live stock shipped from Spencer station, in Will county, to the Union Stock Yards, in Chicago. The verdict and judgment are for the appellee for the sum of $200.

The declaration alleges that appellee delivered to appellant twenty-eight cattle and nine calves at Spencer station to be carried to the Union Stock Yards for reward, and that appellant did not safely carry and deliver said stock in a reasonable time, but by the carelessness and negligence of appellant in failing to

deliver said stock within a reasonable time they were injured, killed and damaged.

The evidence shows that when the stock reached the stock yards one animal was dead, another had its legs broken, and Osmus claims others were seriously injured and depreciated in value. He claims that the agent at Spencer station agreed to ship them on a certain train going east at seven o'clock P. M., but instead of starting at seven they remained in the car at Spencer station until after midnight. Proof was introduced .that cattle standing in a car when first loaded are restless and uneasy, liable to quarrel and be injured, but if they are moved in the car at once their attention is attracted, they quiet down and will not be injured, even if they stand several hours after traveling part of the way. The route of the car was from Spencer station to Lake station, Indiana, and then on the main line on another train to Chicago. If the car had not laid at Spencer station, it would have laid at Lake. The car reached Chicago as early as it would if it had left Spencer station at seven in the evening. If the. cattle were delivered to appellant in good order and reached their destination in bad order, the burden is upon the carrier to show that they were not injured through its neglect. Wabash R. R. Co. v. Johnson, 114 Ill. App. 545; Burke v. U. S. Express Co., 87 Ill. App. 505.

The trial court gave the following instruction for appellee: ''The jury are instructed that the measure of damages in a case of failure of a common carrier to safely deliver property in accordance with its contract, and which property .was injured, damaged or lost by the negligence of the carrier, is the difference between the fair cash market value of the property at the time of its delivery and acceptance for shipment and the fair market value of the property at the time of its delivery, and such value is purely a question of fact to be fixed by the jury from all the evidence, facts and circumstances in the case." This instruction was erroneous,

because it would make the carrier bear the loss resulting from the fall of the market in value if there was any between the time of shipment and the delivery at their destination. The true measure of damages is the difference between the market value of the cattle at the point of destination in the condition in which they would have arrived but for the negligence of the carrier, and their market value in the condition in which they did arrive. C., C., C. & St. L. Ry. Co. v. Patton, 203 Ill. 376; affirming C., C., C. & St. L. Ry. Co. v. Patton, 104 Ill. App. 550; New York, L. E. & Western Ry. Co. v. Estill, 147 U. S. 591, and cases therein cited at page 617; 5 Am. & Eng. Ency. 382; 3 Sutherland on Damages, Sec. 918; Hutchinson on Carriers, Sec. 770a. Appellee assumes that our Supreme Court in the Patton case laid down the rule stated in the instruction. Upon a careful examination of that case in the Appellate Court, where the rule was stated as we have given it, and the language used in 203 Ill., we think counsel have misconceived the language of our Supreme Court, which quoted from and approved the rule laid down in the Estill case in the Federal Court, and as enunciated by the Appellate Court in the case then under consideration, which they affirmed.

The first instruction given for appellee should have been refused. It permitted the jury to construe the contract, by instructing the jury that "the burden is on the carrier to show the restrictions of the common law liability were assented to by the consignor, and whether or not the shipper consented to waive the carrier's common law liability, is a question of fact for the jury." The jury may not have known what are the restrictions of the common law liability; the court must construe the contract when it is in writing and not transfer that right to the jury. For these errors the judgment is reversed and the cause remanded.

*Reversed and remanded.*