**H. B. Sinsabaugh, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.**

1. COMMON CARRIERS—*when burden of exculpation upon.* When the evidence is that cattle were in good condition when delivered to the carrier for shipment and that when they arrived at their destination they were to some extent bruised and damaged, the burden is upon the carrier to show that they were not injured through its negligence.

2. COMMON CARRIERS—*what evidence tends to rebut presumption of negligence.* If the burden has been cast upon the carrier to show lack of negligence in transporting mules, it is competent as tending to rebut the presumption of negligence to show that other mules carried on the same train in another car reached their destination without injury.

3. EVIDENCE—*what record entries incompetent.* A book kept by an agent of a railroad company in which the condition of property upon reaching destination is recorded, even though provided for by a regulation of the company, is not competent in itself but may be used by such agent for the purpose of refreshing his recollection.

Action on the case. Appeal from the Circuit Court of Coles county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1908. Reversed. Opinion filed May 19, 1909.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, HAMLIN, GILLESPIE & FITZGERALD and JAMES VAUSE, JR., of counsel.

CRAIG & KINZEL, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit in the Circuit Court of Coles county against appellant to recover damages to a carload of mules alleged to have been occasioned by the negligent and careless manner in which said mules were handled by the servants of appellant while being shipped from Mattoon, Illinois, to East St. Louis, Illinois. There was a recovery in such court in the sum of $100 in favor of Sinsabaugh and the railway company appealed.

Appellee shipped two car-loads of mules on the eighth day of October, 1906, from Mattoon, Illinois, to East St. Louis, over the appellee's line of road. There were twenty-five mules in one car and twenty-two in the other. They were shipped at the same time and under one contract. They were transported in the same train and arrived at their destination at the same time. The train in which the mules were shipped reached East St. Louis on schedule time, but the evi-

644    APPELLATE COURTS OF ILLINOIS.

Sinsabaugh v. Cleveland, C., C. & St. L. Ry. Co., 149 App. 642.

dence tends strongly to show that when the mules arrived at the yards at East St. Louis, those in one of the cars were somewhat scarred, bruised and otherwise injured. It was to recover damages for this injury that suit was instituted.

Appellant first insists that the trial court committed error in the rejection of competent evidence offered by appellant.

The evidence is undisputed that the mules were in good condition when delivered to the carrier for shipment and that when they arrived at their destination they were, to some extent, bruised and damaged. The burden was therefore upon the carrier to show that they were not injured through its negligence. Wabash R. R. Co. v. Johnson, 114 Ill. App. 545; M. C. Ry. Co. v. Osmus, 129 Ill. App. 79.

Appellee offered no testimony whatever tending to show that such mules were roughly or negligently handled by any of the servants of appellant while en route, or that the train itself was negligently or carelessly managed, in any way, but seems to have relied solely upon the presumption of negligence which arises when stock is in good condition at the time it is received, by the carrier, but damaged when delivered.

Appellant contended upon the trial that from the appearance of the injuries themselves it was evident that the mules were hurt by one another, either by biting, kicking, or striking, and that such injuries were attributed solely to the nature or vice of the animals themselves.

In this condition of things and with the burden cast upon it to show that such injuries were so the result of such disposition of the mules, appellant offered to prove that the mules in the other car and transported in the same train were not injured at all, and that the two cars were handled in the same manner by appellant's servants. This evidence the court held to be incompetent and it was rejected. This was error. Such evidence, if admitted, would have tended to show

that the servants of appellant were not guilty of the negligence charged in plaintiff's declaration. The evidence was undisputed that the two cars, containing appellee's mules, were coupled together and so remained during the shipment, and that the cars were handled in the usual and ordinary manner by the servants of appellant; that when switching was done en route, these cars were not moved or disturbed but left standing on the main track, and that at no time was the train jerked. It would seem that any negligence of the company that would have injured mules in one car would, under the circumstances recited, have injured those in the other car. This was at least a very significant circumstance attending the shipment and one of which appellant should not have been denied the benefit.

Appellant next insists that it was wrong not to permit it to introduce in evidence a book kept by the clerk of appellant at its yards in East St. Louis in which it was his duty to record the condition in which shipments of live stock were there received, but in this we see no error. While the book may have been kept in pursuance of a regulation of the railroad company for the purpose of better enabling it to determine what its servants had observed as to the condition of stock received at said yards, yet that would not make the entries in said book, of themselves, competent evidence. The yard clerk who made the entries was not offered as a witness by appellant, and if he had been he could have been permitted to make use of such entries only as a means of refreshing his memory.

To allow an agent of appellant to record in a book his conclusions as to the conditions in which the mules were received and then to admit such entries in evidence, would be to receive the judgment or conclusions of the witness instead of his testimony, and in that way accord to his unsworn statements greater value than his testimony under oath could have.

Whether or not appellee knew of the terms of the written contract and assented thereto, and whether he

was advised that appellant had two established rates of freight on shipments of live stock were questions of fact which were in sharp conflict and were for the jury to determine, under the evidence, and we refrain from expressing any opinion in relation to those matters.

For the error indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*