UNITED S. S. CO. et al. v. HASKINS et al.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1910.)

No. 1,821.

1. ADMIRALTY (§ 118*)—APPEAL—REVIEW OF FINDINGS OF FACT.

The finding of a commissioner appointed in an admiralty cause, on a question of fact depending largely on the credit to be given to the various witnesses testifying before him, confirmed by the court, has every reasonable presumption in its favor; and an appellate court is not justified in setting aside or modifying the decree based thereon, unless there clearly appears to have been error or mistake in the finding or the conclusion drawn therefrom.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 770; Dec. Dig. § 118.*]

2. SHIPPING (§ 132*)—ACTION FOR DAMAGE TO CARGO—EVIDENCE OF DAMAGES.

Where a shipment of coffee was damaged on the voyage through the fault or negligence of the carrier, who had knowledge of the damage after its arrival, the consignee was not bound to sell it at public sale or on public notice, but in a suit against the ship to recover the damage may show that its market value in its damaged condition was no greater than the price for which it was sold at private sale.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 132.*]

3. SHIPPING (§ 131*)—ACTION FOR DAMAGE TO CARGO—MEASURE OF DAMAGES.

The measure of damages recoverable from a carrier for damage to cargo through its fault is the difference between the market value of the cargo at the time and place of delivery in the condition in which it would have arrived but for the carrier's fault and its market value in the condition in which by reason of such fault it did arrive, with interest from the time of delivery.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 467; Dec. Dig. § 131.*]

Appeal from the District Court of the United States for the Northern District of California.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit in admiralty by Thomas Haskins and Max Schwabacher, partners as Leege & Haskins, against the steamer Santa Rita, the United Steamship Company, claimant, and others. Decree for libelants, and claimant and others appeal. Affirmed.

Page, McCutchen & Knight, for appellants.

William Denman, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. It is alleged in the libel that in the month of October, 1906, Arbuckle Bros. shipped on board the steamer Santa Rita from the port of New York, to be carried and transported in said steamer to the port of San Francisco and delivered to the libelants, 1,067 bags of Santos coffee, weighing 152,764 pounds, the said coffee then being in good order and well conditioned, to be delivered to libelants in like good order; that the said steamer did steam on said voyage, and thereafter arrived at the port of San Francisco, and delivered to the libelants the said coffee, but not in the like good order as when delivered to the said ship; but, on the contrary, the said coffee, when delivered to the libelants at the said port of San Francisco, was badly damaged by contact with oil and water, which damage was inflicted upon the said cargo while in the possession of the said ship on the said voyage. It is alleged that the injury to the cargo received on the voyage was more than $10,000.

In claimants' answer the shipment, carriage, and transportation of the coffee from New York to San Francisco, and its delivery to the libelants, is admitted; but it denies upon information and belief that at the time of such delivery said coffee was badly or at all damaged by contact with oil and water, or either thereof, and, on the other hand, avers the fact to be that said coffee, if damaged at all, was damaged by a cause specified in the bill of lading as exempting said carrier from liability, to wit, from leakage, breakage, contact with other goods, and perils of the sea.

The matter coming on to be heard by the court, it was admitted at the hearing that the allegations of the libel as to the ownership of the cargo, its receipt by the vessel in good condition, and its delivery in a somewhat damaged condition were true. The court found that the damage to the coffee was not caused by leakage, breakage, contact with other goods, and perils of the sea, or any of them, as alleged in the answer, or at all. The case was thereupon referred to the commissioner to take testimony and assess damages, who heard the testimony introduced by the respective parties and found that:

The consignment of coffee upon which the damage was to be assessed, and for which the steamer Santa Rita had been found liable, arrived at the port of San Francisco during the month of January, 1907; that the coffee was taken from the dock of the steamer's discharge on January 30, 1907, and within six or seven days thereafter, through the agency of a broker, sold as damaged coffee to a coffee jobber in San Francisco for 5¼ cents per pound, and within a week thereafter again sold by the purchaser to a coffee buyer in St. Louis for 6¾ cents per pound; that considerable expense was had in conditioning

the coffee and preparing it for shipment; that other coffee, part of the same general cargo of the steamer, consigned to a coffee firm in San Francisco and damaged from the same cause, was sold in San Francisco in the month of September, 1907, for 6 cents per pound; that the market value of Santos coffee in sound condition in the market of San Francisco at the date of arrival of the Santa Rita was 10½ cents per pound; that the number of pounds of coffee shipped in good order was 152,764 pounds, consisting of 1,067 bags; that the total weight of the coffee delivered was practically the same as the weight shipped.

As a conclusion from the finding the commissioner found the market value of the coffee in sound condition to be:

```
152,764 pounds at 10½ cents per pound........................ $16,040 22
The value of the damaged coffee, to be 152,764 pounds, at 5¼ cents
  per pound...............................................    8,020 11
                                                          ──────────
                                                           $ 8,020 11
It was admitted that there was unpaid freight amounting to.....      56 57
                                                          ──────────
                                                           $ 7,963 54
The interest on this sum was found to be......................    1,112 24
                                                          ──────────
      Total amount of damage................................ $ 9,075 78
```

The report of the commissioner was confirmed by the court, and a decree entered accordingly. From this decree the claimant of the vessel appeals.

The appellants seek to review the single question as to the value of the coffee in its damaged condition, claiming that its value was at least 6 cents per pound. The question is one of fact, depending very largely upon the credit to be given to the various witnesses seen and heard by the commissioner. Under these circumstances not only is there every reasonable presumption in favor of the commissioner's finding, and the decree of the District Court based upon such finding, but this court would not be justified in setting aside or modifying the decree, unless there clearly appears to have been error or mistake in the finding of the commissioner or the conclusion drawn therefrom. Tilghman v. Proctor, 125 U. S. 136, 149, 8 Sup. Ct. 894, 31 L. Ed. 664; Crawford v. Neal, 144 U. S. 585, 596, 12 Sup. Ct. 759, 36 L. Ed. 552; Furrer v. Ferris, 145 U. S. 132, 134, 12 Sup. Ct. 821, 36 L. Ed. 649; Davis v. Schwartz, 155 U. S. 631, 636, 15 Sup. Ct. 237, 39 L. Ed. 289; Gaffner v. Pigott, 116 Fed. 486, 487, 54 C. C. A. 641; Wabash v. Compton, 172 Fed. 17, 21, 96 C. C. A. 603.

It is objected by the appellants that no notice of the sale of the coffee for whom it might concern had been given to any one representing the vessel; that no public-sale was made, or sale on public notice; and that no opportunity was offered appellants to secure a bidder for the coffee, and thereby minimize the damage by obtaining the best price it would bring. The agent of the vessel knew, upon her arrival and the discharge of her cargo, that the coffee was damaged. Prima facie the vessel was liable, and the burden was upon the owner to clear the vessel of this liability. The coffee remained on the dock for a week or more. The bill of lading did not provide for a notice of sale of damaged cargo, or that it should be by public sale or upon public notice, and

there is no evidence that, had such public sale been made or public notice given, a better price would have been obtained.

The evidence introduced by the claimants that other coffee from the same vessel and in about the same condition was sold in August or September, 1907, for 6 cents per pound, furnishes evidence of but little weight as to the value of the coffee in the first week in February, 1907. Likewise the evidence of the resale of the coffee in question in St. Louis at 6¾ cents per pound does not necessarily contradict the testimony of a number of other witnesses that the value of the coffee was 5¼ cents per pound in San Francisco at the time of the arrival of the Santa Rita.

The measure of damages recoverable from a carrier for damage to cargo through its fault is the difference between the market value of the cargo at the time and place of delivery in the condition in which it would have arrived but for the carrier's fault and its market value in the condition in which by reason of such fault it did arrive, with interest from the time of delivery. The Compta, 6 Fed. Cas. 233 (No. 3,070); The Nith (D. C.) 36 Fed. 86; Ringgold v. Haven, 1 Cal. 108, 118; New York, etc., Railroad Co. v. Estill, 147 U. S. 591, 616, 617, 13 Sup. Ct. 444, 37 L. Ed. 292; The Berengere (D. C.) 155 Fed. 439, 440. This was the valuation adopted by the court below, and there was evidence sufficient to support the decree based upon such valuation.

We have read the evidence carefully, and we do not see how the commissioner could have made any other finding or reached any other conclusion than he did.

The decree of the District Court is therefore affirmed.

Appeal from the District Court of the United States for the Northern District of California.

