# E. B. Conover, Appellee, v. Wabash Railway Company, Appellant.

1. CARRIERS, § 96*—*when congestion does not excuse delay.* Where a carrier receives freight for transportation, unusual press of business or congestion will not excuse delay unless the shipper was notified at the time the shipment was received of such congestion.

2. CARRIERS, § 96*—*when carrier liable for deterioration in grain due to delay in transit.* Where defendant carrier received in the State for transportation to a foreign State certain cars of grain at a time when there was a congestion at the point of destination over the lines entering the city, preventing the prompt transit of the grain, brought about by conditions due to the European war, the demand of European nations for foodstuffs, the large crops raised and the rush of such commodities to the point of destination and the impossibility of securing ships because of such conditions, *held* that defendant was guilty of negligence in accepting the grain for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

shipment when it knew or ought to have known that it could not transport it to its destination within a reasonable time, in an action to recover damages for deterioration in the grain due to delay.

3. Carriers, § 96*—*when necessary to notify shipper of conditions hindering transportation.* A showing of such unusual conditions or congestion hindering transportation as is possessed by the public generally is insufficient to relieve a carrier from liability for delay, but a shipper must be notified by the carrier.

4. Carriers, § 107*—*when evidence as to conditions hindering transportation is properly excluded in action for damages for delay.* In an action by a shipper against a carrier to recover damages for deterioration in grain caused by delay in its shipment, where the carrier failed to give notice to the shipper at the time of accepting the grain of any conditions hindering the transportation and likely to cause delay, evidence as to such conditions *held* properly excluded.

5. Carriers—*when instruction that shipper having knowledge of conditions hindering transportation cannot recover for delay is properly refused.* In an action by a shipper against a carrier to recover damages for deterioration in grain caused by delay in its shipment, where the carrier failed to give notice to the shipper at the time of acceptance of the grain of any conditions hindering transportation and likely to cause delay, *held* that an instruction, that if the jury believed that plaintiff knew of such conditions when he made the shipment he could not recover, was properly refused.

6. Carriers, § 143*—*what is measure of damages for injury to freight in transit.* The rule of damages for injury to freight in transit is the difference in market value between the condition in which the same should have arrived but for the negligence of the carrier and its market value in the condition in which by reason of such negligence the same did arrive.

7. Carriers—*when instruction on measure of damages for injury to shipment due to delay in transportation is erroneous.* Instruction, in an action by a shipper against a carrier to recover damages for deterioration in grain shipped caused by delay in the transportation, that the rule of damages was the difference in value between the condition in which the grain should have arrived but for defendant's negligence and its value in the condition in which by reason of such negligence it did arrive, *held* erroneous because not limited to damages resulting from delay only.

8. Appeal and error, § 1241*—*when party may not obtain advantage by own error.* A party offering an erroneous instruction cannot obtain advantage by his own error.

9. Carriers, § 110*—*what is effect of advance in market price on liability for injury to goods due to delay in transit.* Where

Conover v. Wabash Railway Co., 208 Ill. App. 105.

goods are both damaged and delayed in transit and during the delay the market price has risen so that the increased value through the rise in price is greater than the diminution through the injury, the plaintiff may recover damages resulting from the injury; the carrier cannot be exempt from the consequences of his own wrong by an advance in price.

10. CARRIERS, § 143*—*what is measure of damages for grain lost in transit.* Value at the time of shipment of grain lost in transit, *held* to be the correct measure of damages, in an action to recover damages for such loss.

11. CARRIERS, § 30*—*when Interstate Commerce Act controls in actions against interstate carriers.* Actions for loss and damage to freight in transit in interstate commerce are exclusively controlled by the Interstate Commerce Act and its amendments.

12. CARRIERS, § 162*—*when notice of claim to carrier is condition precedent to recovery of damages.* A provision in a shipping contract limiting the time within which a claim for damages may be made and fixing the manner and place of making it is valid, and failure to give notice of the claim is fatal to a plaintiff's right to recover unless it is contrary to law or unreasonable.

13. CARRIERS, § 184*—*when instruction on necessity of claim for damages for injury to interstate shipment due to delay in transit is properly refused.* In an action by a shipper against a carrier to recover damages for injury to an interstate shipment due to delay in transit, an instruction that under the shipping contract, providing that a claim for loss, damage or delay must be made in writing at a certain place and within 4 months after delivery, or after reasonable time for delivery, and that no liability should exist unless claim was so made, the jury should find for defendant as to any claim not so made, *held* properly refused, as, under the Carmack Amendment to the Interstate Commerce Act and the Cummins Amendment thereto, such shipper is entitled to recover without giving any notice or filing any claim for injury due to delay in transportation as a condition precedent to recovery, and such provision of the contract relating to delay was void.

14. CARRIERS, § 162*—*when notice or claim in writing to interstate carrier is unnecessary.* No notice or claim in writing need be made by a shipper to the carrier as a condition precedent to the recovery for damage due to delay in transportation of an interstate shipment, under the Cummins Amendment of 1915 to the Interstate Commerce Act.

Appeal from the Circuit Court of Sangamon county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed December 1, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

GRAHAM & GRAHAM, for appellant; EDWARD BARTON and CHARLES R. WEBBER, of counsel.

H. L. CHILD, for appellee; WILSON, WARREN & CHILD, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

E. B. Conover, plaintiff, was in 1916 engaged in Sangamon county, Illinois, in buying and shipping grain. He brought suit to recover damages claimed to have been sustained on 7 carloads of shelled corn shipped at different times from Dawson, Illinois, to Baltimore, Maryland. The declaration contains a count based upon each car. In each count it is averred that plaintiff delivered a car of grain, giving the number of the car, to the defendant for transportation to Baltimore; that it became the duty of the defendant to carry the grain within a reasonable time, and to use due care in caring for said grain and not permit it to heat or otherwise deteriorate; that the defendant failed to deliver the grain within a reasonable time in as good condition as when received by it, but negligently permitted the grain to deteriorate in quality. The car described in count 2 containing 65,650 pounds of corn was shipped from Dawson, February 28, 1916, and was 28 days in transit. The car declared upon in count 3 containing 65,730 pounds of corn was shipped February 15, 1916, and was 41 days in transit. The car declared on in count 5 containing 66,000 pounds of corn was shipped February 14, 1916, and was 97 days in transit. It is the claim of plaintiff that the corn in each of these cars heated, spoiled and rotted in the car because of the delay in transit. The jury found the defendant guilty under counts 2, 3 and 5, and assessed plaintiff's damages at $388.74, and found the defendant not guilty as to all other counts. Judgment was rendered on the

verdict in favor of the plaintiff.   The defendant appeals.

The bill of particulars concerning count 5 also claimed a shortage in addition to the deterioration in quality, but counsel for appellant have not in their brief or argument mentioned the feature of the case that concerns loss of corn.   The only questions presented are concerning deterioration, so that no question, either of law or fact, concerning loss of corn is presented for review.

One of the principal contentions of appellant is that the court erred in refusing to admit evidence offered by appellant which, it is argued, would show that the delay in transit was caused by a condition of great congestion existing at Baltimore in grain elevators, and in freight yards and railroad terminals extending back many miles along the lines of all railroads entering Baltimore, and especially on the Baltimore & Ohio Railroad, which was the last carrier and where much of the delay occurred.   The same question was raised by the eighth instruction requested by appellant, which the court refused.   That instruction is:

"The court instructs you that if you believe from the evidence that the plaintiff at the time of delivering the corn in question to the carrier knew of the congestion at Baltimore, and knew that it was likely that there would be delay in delivery, then you should find the defendant not guilty."

It is argued that a carrier is only liable for unreasonable delay, and that at the time this shipment was accepted by appellant the great congestion existing at Baltimore over the lines of railroad entering that city prevented the prompt transit of the grain in question; that the congestion was brought about by conditions directly attributable to the European war, the demand of European nations for foodstuffs, the large crops raised and the rush of such commodities to Baltimore and the impossibility of securing ships because of conditions brought about by the war.

The rule is settled that where a carrier receives freight, unusual press of business or congestion will not excuse delay unless the shipper was notified at the time the shipment was received of such congestion. "By the mere act of accepting the freight without explanation, the company undertook to transport and deliver it within a reasonable time. * * * The company knew that its lines were in such condition as to incapacitate it for performing its full duty as a common carrier by delivering goods not only in safety, but in a reasonable time. In order to save itself from liability, it should have disclosed to the shipper the condition of its road." Appellant was guilty of negligence in accepting the grain for shipment when it knew, or ought to have known, it could not transport it to its destination within a reasonable time. *Great Western Ry. Co. of Canada v. Burns,* 60 Ill. 284; *Illinois Cent. R. Co. v. Cobb, Christy & Co.,* 64 Ill. 128; *Tate v. Missouri Pac. R. Co.,* 157 Ill. App. 106; *Eastern Ry. Co. of New Mexico v. Littlefield,* 237 U. S. 140; 4 R. C. L. 742.

A showing of such notice of unusual conditions or congestion as is possessed by the public generally is insufficient to relieve from liability for delay; the shipper must be notified by the carrier. *Missouri, K. & T. R. Co. of Texas v. Stark Grain Co.,* 103 Tex. 542, 131 S. W. 410; *Daoust & Welch v. Chicago, R. I. & P. R. Co.,* 149 Iowa 650, 34 L. R. A. (N. S.) 637, and note.

The evidence that appellant introduced on the question of congestion was improperly admitted, and there was no error in rejecting further evidence offered, and in refusing the instruction.

It is also contended that the court erred in the rule of damages applied as to the cars on which claim is made for deterioration in the admission of evidence introduced by the appellee on that question. The corn was sold subject to weight and grade at Baltimore. The grades at Baltimore are designated as "prime

sail'' corn, which is the best grade; the next is
''steamer corn''; then ''no established grade,'' and ''re-
jected corn.'' In Illinois, at the time these cars were
shipped, corn was graded as No. 2, No. 3, No. 4, No. 5
and No. 6, the grade depending on the amount of mois-
ture in the corn. The evidence shows that the corn
shipped by appellee was No. 5 when shipped, and that
No. 5 in Illinois corresponds with or would be either
''prime sail'' or ''steamer corn'' in Baltimore, and
that the corn was from 28 days to over 3 months in
transit while the usual time is from 8 to 12 days,
and that because of the unusual time occupied in
transit the corn heated, rotted and decayed so that
when it arrived in Baltimore it graded as ''re-
jected corn.'' The difference in the price between
''steamer corn'' and ''rejected corn'' in Baltimore
when the corn arrived there was from 25 to 30 cents
per bushel, and ''steamer corn'' was 3 cents less
than ''prime sail'' corn. The contention of appel-
lant is that the measure of damages is the difference
between the fair cash market value of the corn at the
time and in the condition in which it should have ar-
rived and its market value at the time it did arrive.
The claim of appellee is not for damages because of
the decline in the market during the delay, but for the
depreciation caused by the fermentation and decay of
the corn because of the delay, and his contention is
that the measure of damages is the difference between
the market value of the corn at the time it reached its
destination in the condition in which it should have ar-
rived and its market value at that time in the condition
in which it did arrive.

''The measure of liability of a carrier of an inter-
state shipment under a bill of lading issued pursuant
to the act to regulate commerce is a federal question
and the obligation is to be governed under the act by
uniform rule in the place of the diverse requirements
of State legislation and decisions; nor is the question
less a federal one because resolved by application of

general principles of common law.'' (*Southern Ry. Co. v. Prescott*, 240 U. S. 633; *Adams Exp. Co. v. Croninger*, 226 U. S. 491; *Gamble-Robinson Commission Co. v. Union Pac. R. Co.*, 262 Ill. 400.)

The rule of damages for injury to freight in transit is the difference in market value between the condition in which the same should have arrived but for the negligence of the carrier and its market value in the condition in which by reason of the negligence of the carrier the same did arrive. In *New York, L. E. & W. R. Co. v. Estill*, 147 U. S. 591, the court instructed the jury: ''The law also is that if a carrier receives property for transportation and delivers it at the end of its route, but, through its fault, it is damaged and it fails to deliver it in the same condition as when received, it must pay the difference between the value of the property in its damaged condition at the point of destination and what the value of the property would have been at that place if delivered in the same condition as when it was received for transportation.'' This was held to be the correct measure of damages, and that case is cited and followed in *Gulf, C. & S. F. Ry. Co. v. Texas Packing Co.*, 244 U. S. 31, 61 L. Ed. 970, opinion filed May 7, 1917; *Cleveland, C., C. & St. L. Ry. Co. v. Patton*, 104 Ill. App. 550, affirmed in 203 Ill. 378; *Wabash R. Co. v. Campbell*, 219 Ill. 320; *United Steamship Co. v. Haskins*, 181 Fed. 962; *Michigan Cent. Ry. Co. v. Osmus*, 129 Ill. App. 79; 3 Sutherland on Damages, sec. 918; Michie on Carriers, pp. 850-851; Sedgwick on Damages, vol. 3, sec. 852.

If the damages sought to be recovered were for delay only, then the rule is as contended for by appellant. It requested and the court gave an instruction stating that to be the rule in this case.

We hold that the instruction was erroneous, because it was not limited to damages resulting from delay only, but appellant cannot acquire advantage by its own error. The claim of appellee is for deterioration

of the grain because of the negligence of appellant, and for loss of grain. Where the goods were both damaged and delayed in transit and during the delay the market price had risen so that the increased value, through the rise in price, was greater than the diminution through the injury, the plaintiff should recover damages resulting from the injury; the carrier cannot be exempt from the consequences of his own wrong by an advance in price. *Morrison v. I. & V. Florio Steamship Co.*, 36 Fed. 569; Sedgwick on Damages, p. 1763. There is no error in the admission of evidence concerning damages for deterioration caused by delay.

Appellee proved the value, at the time of shipment, in the aggregate of the corn lost from the cars; that was the correct measure of damages for grain lost, and there was no objection to the manner of making such proof.

Appellant further contends that the court erred in refusing instruction No. 7 requested by it. The instruction is:

"The court instructs you that under the shipping contracts in evidence unless plaintiff has proved by the greater weight of the evidence that on the shipments going outside the State of Illinois, plaintiff filed written claims with the defendant within four months after the arrival of the grain at destination, you should find for the defendant on all such shipments as to which plaintiff failed to show by the greater weight of the evidence that he filed a written claim with the carrier within such time."

The shipments were all interstate. The suit is against the initial carrier. A through bill of lading was issued. One of the conditions on the bill of lading is: "Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after the delivery of the property, or in case of failure to make delivery, then within four months after a reasonable

time for delivery has elapsed. Unless claims are so made the carrier shall not be liable.''

No evidence appears to have been offered showing that any claim was made in writing in compliance with the condition on the bill of lading.

Suits for loss and damages to freight in transit in interstate commerce are exclusively controlled by the Interstate Commerce Act and the amendments thereto, known as the Carmack Amendment, enacted in 1906, and the Cummins Amendment to the Carmack Amendment adopted in 1915 (U. S. Statute 1915, page 1196); *Adams Exp. Co. v. Croninger,* 226 U. S. 491; *Gamble-Robinson Commission Co. v. Union Pac. R. Co.,* 262 Ill. 400.

The Cummins Amendment provides that the carrier receiving property for interstate shipment shall issue a bill of lading and shall be liable to the holder thereof ''for any loss, damage, or injury to such property * * * and no contract, receipt, rule, regulation, or other limitation of any character whatsoever, shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed; and any such common carrier * * * shall be liable * * * notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, * * *; and any such limitation, without respect to the manner or form in which it is sought to be made is hereby declared to be unlawful and void: *Provided,* * * *: *Provided further,* That nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under the existing law: *Provided further,* That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days, and for the filing of claims for a shorter period than four months, and for the institution of suits than

two years: *Provided, however,* That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery." That act took effect 90 days after March 4, 1915, and was in effect when the damages claimed in this case accrued.

The last proviso states that if the loss, damage or injury complained of was due to delay or in transit by carelessness or negligence, then no notice of filing of claim shall be required.

The damages sued for in this case, and concerning which any question is raised, are damages because of the negligence of appellant in delaying the transportation whereby the grain heated and fermented and was decayed and injured. It does not appear that the Cummins Amendment has been before the courts of appeal for construction; at least no authority is cited and we have not been able to find any construing it, but appellee is entitled to sue for and recover the damages caused by the delay and negligence of appellant in transit without giving any notice or filing any claim as a condition precedent to recovery for such damages. *Baxter v. Louisville, N. A. & C. Ry. Co.,* 165 Ill. 78, is cited in behalf of appellee as authority for his contention that the notice referred to is collateral and not necessary to be shown to entitle him to a recovery. The holding of the court in that case was that the notice provided for was unreasonable and therefore void. It does not sustain the contention of appellee. The bills of lading introduced in evidence by appellee show that the filing of the notice of claim in writing is a condition precedent to bringing suit. The rule is that a provision in a shipping contract limiting the time within which a claim for damages may be made and fixing the manner and place of making it is valid and binding and a failure to give notice is fatal to plaintiff's right to

recover unless it is contrary to law or unreasonable. (*St. Louis, I. M. & S. Ry. Co. v. Starbird*, 243 U. S. 592, 61 L. Ed. 917, opinion filed April 30, 1917; *Clegg v. St. Louis & S. F. R. Co.*, 203 Fed. 971; *Sweetser v. Chicago & A. R. Co.*, 196 Ill. App. 623; 4 R. C. L. 794, 922.)

The instruction, however, was properly refused, because it instructed a verdict for appellant on the whole case, unless the appellee had proved that he had filed claims in writing within 4 months after the delivery of the shipments, when the requirement of filing notice or filing of claims was void as to the damages sustained by delay in transit through the negligence of appellant under the Cummins Amendment. If the instruction had been limited to some loss or damage not exempted from the requirement of filing a claim in writing within 4 months, a question not now raised would have been presented.

The only questions presented and argued are those concerning the claims for damages from deterioration resulting from the delay in transit.

There is no reversible error in any question presented for review. The judgment is affirmed.

*Affirmed.*