# THE WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY

## V.

## ROBERT BLACK.

1. SPECIAL PLEAS.—Where the matters set up in a special plea amount to the general issue, the plea is obnoxious to a special demurrer.

2. WRITTEN CONTRACT—IGNORANCE OF CONTENTS.—Where a party who signs a written contract can read, it is his own negligence if he fails to understand the contents of the writing which he signs, and he can not relieve himself from liability on the ground that he was ignorant of its contents, except upon proof of fraud or coercion in obtaining his signature.

3. CARRIER—LIMITING LIABILITY.—A carrier can not by contract relieve himself from responsibility for his own negligence, or that of his servants. Neither can he limit his common law liability to safely deliver property received for transportation.

4. CONTRACT AS TO NOTICE OF CLAIM FOR DAMAGES.—A carrier is not restricted from providing in a shipping contract that in case any claim for damages is made, notice of the same shall be given within a prescribed time. Such a provision is reasonable and is not a limitation upon the common law duty of a carrier to safely deliver property received for shipment.

5. NEGLECT TO COMPLY WITH SUCH PROVISION.—In an action against a carrier for delay in the transportation of property, where there is a contract providing that notice of loss or claim for damages must be given within five days, the question whether plaintiff has complied with the provision should be considered with other questions in the case.

APPEAL from the Circuit Court of De Witt county; the Hon. A. G. BURR, Judge, presiding. Opinion filed October 24, 1882.

Messrs. DONAHUE & HARRIS, and Messrs. BROWN, KIRBY & RUSSELL, for appellant; that the provision as to notice of claim for damages is a reasonable one and the parties were competent to make it, cited Rice v. K. P. Ry. Co. 63 Mo. 318; Goggins v. K. P. Ry. Co. 12 Kan. 416; Express Co. v. Caldwell, 21 Wall. 264; Oxley v. St. L. K. C. & N. Ry. Co. 65 Mo. 629; Bankard v. B. & O. R. R. Co. 34 Md. 197; Wolf v. W. U. Tel. Co. 62 Pa. St. 83.

Plaintiff is chargeable with negligence if he failed to read

the contract: C. B. & Q. R. R. Co. v. Hale, 2 Bradwell, 160; Grace v. Adams, 100 Mass. 505.

Common carriers have a right to limit their liability except for gross negligence: Erie Ry. Co. v. Wilcox, 84 Ill. 239; Mer. Des. Co. v. Bolles, 80 Ill. 473; Arnold v. I. C. R. R. Co. 83 Ill. 273; Hutchinson on Carriers, § 218.

There is a distinction in the carrier's liability between carrying live stock and inanimate freight: I. & St. L. R. R. Co. v. Jutgen, 10 Bradwell, 295; I. & St. L. R. R. Co. v. Jury, 8 Bradwell, 160.

Messrs. MOORE & WARNER, for appellee; that a common carrier can not limit his common law liability by special contract, cited Addison on Torts, 706; Wharton on Negligence, 549; Cooley on Torts, 640; Lawson on Carriers, 24; R. R. Co. v. Lockwood, 17 Wall. 357; Bank of Ky. v. Adams Ex. Co. 3 Otto, 174; Ill. Cent. R. R. Co. v. Waters, 41 Ill. 73; Oppenheimer v. U. S. Ex. Co. 69 Ill. 62; Erie R. R. Co. v. Wilcox, 84 Ill. 239; Boscowitz v. Adams Ex. Co. 93 Ill. 523; Ex. Co. v. Kountz, 8 Wall. 342; York Co. v. C. R. R. Co. 3 Wall. 107; Kuter v. M. C. R. R. Co. 1 Biss. 35; York Mfg. Co. v. M. C. R. R. Co. 1 Biss. 377; Fuller v. Talbot, 23 Ill. 357; West. Trans. Co. v. Newhall, 24 Ill. 466; St. L. A. & T. H. R. R. Co. v. Montgomery, 39 Ill. 335; Ills. Cent. R. R. Co. v. Owens, 53 Ill. 391; Ill. Cent. R. R. Co. v. McClellan, 54 Ill. 58; C. & A. R. R. Co. v. Shea, 66 Ill. 471; C. & N. W. R. R. Co. v. Sawyer, 69 Ill. 285; T. W. & W. R. R. Co. v. Thompson, 71 Ill. 434; Mer. Trans. Co. v. Kohn, 76 Ill. 520; T. W. & W. R. R. Co. v. Hamilton, 76 Ill. 393; M. C. R. R. Co. v. Curtis, 80 Ill. 324.

The action being in case, the defendant might, under a plea of not guilty, prove any matter in defense, even though it should be in confession and avoidance: Stephens on Pleading, 162; Champaign v. McMurry, 76 Ill. 353; McCord v. Bank of Chicago, 84 Ill. 49; Quincy v. Warfield, 25 Ill. 317; Wiggin Ferry Co. v. Blakeman, 54 Ill. 201; Manny v. Rixford, 44 Ill. 129; Zirkel v. Joliet Opera House Co. 79 Ill. 334.

It is the duty of a carrier to furnish suitable cars for the

transportation of live stock, and skillful employes to manage the trains: Lawson on Carriers, 23; G. C. & U. R. R. Co. v. Rae, 18 Ill. 488; Wharton on Negligence, § 595; Cooley on Torts, 641; Fuller v. Talbot, 23 Ill. 357; I. B. & W. R. R. Co. v. Strain, 81 Ill. 504; Erie Ry. Co. v. Wilcox, 84 Ill. 239; R. R. Co. v. Lockwood, 17 Wall. 362; R. R. Co. v. Pratt, 22 Wall. 123.

A carrier of live stock is bound to deliver it at the place of consignment within a reasonable time: Sangamon v. M. R. Co. 14 Ill. 160; Priestly v. M. J. & C. R. R. Co. 26 Ill. 205; Ill. Cent. R. R. Co. v. Waters, 41 Ill. 73; G. W. R. R. Co. v. Burns, 60 Ill. 284; T. W. & W. R. R. Co. v. Lockhart, 71 Ill. 627; Mer. Trans. Co. v. Kohn, 76 Ill. 520; M. C. R. R. Co. v. Curtis, 80 Ill. 324.

There are no degrees of negligence in the case of common carriers: Phil. R. R. Co. v. Derby, 14 How. 468; Steamboat v. King, 16 How. 469; R. R. Co. v. Lockwood, 17 Wall. 357.

The question of negligence having been submitted to the jury, their verdict will not be disturbed unless it appears that it was clearly against the evidence: Plummer v. Rigdon, 78 Ill. 222; Miller v. Balthasser, 78 Ill. 302; Hayes v. Houston, 86 Ill. 487; Stickle v. Otto, 86 Ill. 161; Howitt v. Estelle, 92 Ill. 218; Lewis v. Lewis, 92 Ill. 237.

HIGBEE, J. This was an action on the case brought by appellee against appellant as a common carrier for negligence in failing to deliver within a reasonable time at their place of destination, ninety-five head of fat cattle, shipped over appellant's road from Midland City to Chicago, on the 6th day of July, 1881.

Appellant filed the general issue to the declaration, and, in addition, a number of special pleas setting up a contract between the parties, under which the shipment was alleged to have been made, and averring divers breaches thereof, as a defense to the action.

The special pleas were demurred to by appellant and the demurrer sustained by the court, and a trial had by a jury resulting in a verdict and judgment for appellee, from which an

appeal is prosecuted to this court and numerous errors assigned.

It is first contended by appellant that the court erred in sustaining appellee's demurrer to its special pleas.   In this form of action the special pleas were not necessary, and they were obnoxious to a special demurrer as amounting to the general issue; the same matters of defense set up in them were given in evidence on the trial under the general issue, and no injury resulted to appellant by sustaining the demurrer.

On the trial of the cause it appeared that the cattle were shipped under a special agreement in writing, signed by the parties in duplicate at the time of the shipment, one copy of which was retained by each party, in and by which it was stipulated and agreed, among other things, that in consideration of a reduced rate to be paid by the shipper to the carrier, the claim which might accrue to the shipper for damages should not be paid by appellants, or sued for in any court unless a claim for the loss should be made in writing and sworn to and delivered to the general freight agent of said company, at his office in St. Louis within five days from the time said stock was removed from the cars.

. It was admitted by appellee that the claim in writing was not furnished to the freight agent as required by the agreement, nor was any notice of any claim for damages to said stock given him within five days, nor at any time before the commencement of this suit.

It is insisted by appellee that this contract is not binding on him because he did not read or understand its contents before signing.   The evidence shows that the regular rate per car for shipping his stock was $33, but that in consideration of signing the contract he was charged only $25 per car, and given a pass to accompany his stock.

Appellee himself testified that he had been engaged in shipping stock for about ten years, and had always before signed such papers, but did not know their contents.   He could read writing and signed the contract, but did not read it.   It assigned after the stock was loaded.

He knew when he signed the contract that it was in refer-

ence to the shipment of his stock, and if he did not know its contents it was because he did not choose to read it and inform himself. He can not relieve himself from liability by showing, unless on proof of fraud or coercion, that he was ignorant of its contents. If it were otherwise, a party, by declining to inform himself of what a contract contains, might reap its benefits and yet reject its burdens. Express Co. v. Caldwell, 21 Wall. 264; Lee v. R. R. Co. 5 H. & N. 867; and this rule has been applied to cases of contracts, not otherwise against the policy of the law, relieving carriers from liability. Wharton on Law of Negligence, Sec. 587, and authorities there cited.

It is claimed by appellee that this contract is contrary to public policy and therefore void. The duty of a common carrier is to transport and deliver safely. It is also provided by statute in this State that a railroad company shall not limit its common law liability safely to deliver property received by it to be transported by any stipulation or limitation expressed in the receipt given for the safe delivery of such property.

It is not improbable that some of the exemptions contained in this contract may conflict with these well known rules of law, and be void; but the only one we are now considering, neither exempts appellant from liability for the negligence of its servants, nor does it, even if the statute applies to contracts, limit its common law liability to safely deliver property intrusted to it for carriage.

The only object of this provision was to insure notice without delay, of the damage, and the claim the shipper intends to make, and thereby enable the carrier to investigate it while the evidence is within reach and easy to be had. Such provisions to be valid must be reasonable and such as can be readily complied with.

In the case at bar, appellee accompanied his stock to Chicago, and if it was damaged while in possession of the carrier he knew it, and what was there unreasonable in requiring him to give notice of the injury and his claim for damages?

Such provisions have frequently been before the courts of this country and Great Britain, and with few exceptions have been held valid. In Lewis v. The Great Western Railway Co.

5 Hurlstone & Norman, 867, the action was against a common carrier, and the court sustained as reasonable and binding the stipulation in a bill of lading " that no claim for deficiency, damage or detention would be allowed unless made within three days after the delivery of the goods." Chief Baron Pollock said: " The company wishing to guard against any allegations of neglect in the delivery of the goods so confided to them, require that when the goods are delivered they shall be promptly examined, and complaint at once made if there is occasion for it. Such a condition is perfectly reasonable. The law allows persons to make their own bargains in matters of this sort."

In Rice v. K. P. Ry. Co. 63 Mo. 314, the stipulation in the contract required the claim for loss or damage to be made in writing at or before the time the stock was unloaded, and in the opinion of the court it is said: " When the fact is considered that cattle, when shipped, upon reaching their destination are usually commingled with other cattle sold for slaughter or reshipped to other points, it is not unreasonable for the carrier to stipulate with the shipper that before claims for damages will be allowed, he shall give proper notice in writing of his claim at or before the unloading of the stock."

In Wolff v. The Western Union Telegraph Co. 62 Penn. St. 83, one of the conditions printed in their blank form was that the company would not be liable for damages in any case where the claim was not presented in writing within sixty days after sending the message and it was ruled that the condition was binding on the employer who sent his message on the printed form of the company. The condition was considered a reasonable one, and it was held that the employer must make claim according to the condition before he could maintain an action. The same is held in the case of Young v. The Western Union Telegragh Co. 34 N. Y. Superior Court, 390.

In York Company v. The Central Railway Co. 3 Wallace, 107, it was held that the common law liability of a common carrier might be limited and qualified by special contract with the owner, provided said special contract did not cover lapses by negligence or misconduct.

Express Company v. Caldwell, 21 Wallace, 264, was a case against the express company as a common carrier of goods for a failure to deliver a package intrusted to it for carriage. The plea was that when the package was received, "it was agreed between the company and the plaintiff, and made one of the express conditions upon which the package was received, that the company should not be held liable for any loss of, or damage to, the package whatever, unless claim should be made therefor within ninety days from its delivery to it." The plea further averred that no claim was made within ninety days. After a very able review of many of the authorities, it is said by the court. "Our conclusion, then, founded upon analogous decisions of the courts, as well as upon sound reason, is that the express agreement between the parties averred in the plea was a reasonable one, and hence that it was not against the policy of the law. It purported to relieve the defendant from no part of the obligation of a common carrier. All that the stipulation required was that the shipper, in case the package was lost or damaged, should assert his claim in season to enable the defendant to ascertain the fact; in other words, that he should assert within ninety days. To the same effect are the following cases: Goggin v. K. P. R. R. Co. 12 Kansas, 416, where the contract required the notice of claim for damages to be given at the time of unloading. Bankord v. B. & O. Ry. Co. 34 Md. 197. In Arnold v. I. C. R. R. Co. 83 Ill. Mr. Justice Scholfield, in delivering the opinion of the court, says: "The doctrine is settled, in this court, that railroad companies may, by contract, exempt themselves from liability on account of the negligence of their servants, other than that which is gross or willful," and quotes the following authorities as sustaining his views: I. C. R. R. Co. v. Morrison, 19 Ill. 136; I. C. R. R. Co. v. Read, 37 Ill. 484; I. C. R. R. Co. v. Adams, 42 Ill. 474; Adams Express Co. v. Haynes, Id. 89. See also, Erie Ry. Co. v. Wilcox, 84 Ill. 239; Merchant's Dispatch Co. v. Bolles, 80 Ill. 473; Arnold v. I. C. R. R. Co. 83 Ill. 273.

Policies of insurance usually contain a clause providing, in case of loss, that the insured shall give notice and furnish proof within a time named after the loss, and such conditions

have been held reasonable and binding, and unless they are complied with or waived by the company, no recovery can be had. Niagara Fire Ins. Co. v. Scammon, 100 Ill. 644; Aurora Ins. Co. v. Fish, 71 Ill. 620; Peoria Fire & Marine Ins. Co. v. Whitehill, 25 Ill. 466; Wood on Fire Insurance, Sec. 414.

From these authorities we are satisfied that this stipulation in the contract under which the cattle were shipped is reasonable and not contrary to public policy. It does not exempt appellant from the common law liability for negligence, nor does it limit its liability to safely deliver the property received by it for shipment.

This contract was in evidence, and although appellee admitted that claim for loss had not been made in writing, as required by its terms, the court ignored this clause of the contract in its instructions, and the jury wholly disregarded it, and found a verdict for appellee upon which judgment was rendered. In this we think the court erred to the prejudice of appellant, for which reason the judgment is reversed and the cause remanded.

Reversed.