## SMOOT & ABBOTT v. W. L. MOODY & CO.

No. 1608.    Opinion Filed August 20, 1912.

(125 Pac. 1134.)

1. **WITNESSES—Knowledge of Witness—Grade of Cotton—Value.** It is not error to refuse to permit a witness to testify as to the grade or value of cotton in Galveston, when it affirmatively appears from his testimony that he did not class the cotton at the time it was shipped by him, and did not know its value at the time involved.

2. **TRIAL—Peremptory Instructions—Uncontradicted Evidence.** It is not error to give a peremptory instruction, when the evidence in favor of one of the parties is uncontradicted.

(Syllabus by Ames, C.)

*Error from District Court, Blaine County;*
*Frank M. Bailey, Assigned Judge.*

Action by W. L. Moody & Co. against Smoot & Abbott, on account. Judgment for plaintiffs, and defendants bring error. Affirmed.

*I. H. Lookabaugh,* for plaintiffs in error.

*H. N. Boardman,* for defendants in error.

Opinion by AMES, C.  The suit was brought by the defendants in error, who will hereafter be called the plaintiffs, upon an open account.  The plaintiffs were engaged in the cotton business in Galveston, and the defendants were operating a gin at Dillon, Okla.  The defendants consigned cotton at various times to the plaintiffs, under contract, by which they were permitted to draw against the cotton for a reasonable amount, same to be carried on their account, interest to be charged at six per cent. per annum, and the cotton to be held by the plaintiffs and sold for the account of the defendants, at their request; it being understood that, in the event the price of cotton declined, the defendants should remit, so as to protect a margin with the plaintiffs. After holding the cotton for several months, the price declined, and the plaintiffs were authorized to sell.  After the sales were all made, it was ascertained that a balance was due the plaintiffs, and suit was brought for this balance.  The defendants filed an answer and cross-petition, in which they denied the correctness of the account, and alleged that the cotton was improperly graded, and was not sold in good faith, but had been sold long prior to the time when it was so reported to the defendants, at a much higher price than that reported.  The plaintiffs' evidence sustained the allegations of their petition, and the defendants' evidence wholly failed to establish the allegations of their cross-petition.  The errors assigned are in the rejection of evidence offered by the defendants, and in the giving of a peremptory instruction for the plaintiffs.

The evidence rejected was offered by the defendants for the purpose of showing the grade of the cotton and its market value, but it affirmatively appeared from the testimony of the defendants themselves that they did not have the cotton graded at the time they shipped it, that they did not know anything about Galveston grades, and had no experience with them, that they did not know at the time of the sale what cotton was worth, or what the particular grades were worth, that they did not know

how it should have been classed, and that they did not know its weights. This being true, it is manifest that the court did not err in refusing to permit them to testify as to its value.

There being no competent evidence contradicting that of the plaintiffs, the action of the trial court in instructing a verdict for the plaintiffs is correct, and we think the judgment should be affirmed.

By the Court: It is so ordered.