EMINENT HOUSEHOLD OF COLUMBIAN WOODMEN v. PRATER.

No. 2717. Opinion Filed June 11, 1913.

(133 Pac. 48.)

1. **EVIDENCE—Insurance—Application.** Plaintiff sued to recover on an insurance policy; the insurance company admitted the execution of the policy, the death of the insured and the identity of the beneficiary, but alleged fraud in the procurement of the policy by the insured in that the warranties contained in the application were false and untrue, etc. At the trial the application was offered in evidence, but rejected, on the objection of the beneficiary, on the ground that the same was signed by mark and such signature had not been properly proved; it was shown by the examining physician that he had written the answers to the questions, and had signed his name to the bottom of the same over the word "witness," but he testified that he did not sign the insured's name, nor witness her mark, nor did he see the insured sign, nor any one else for her. It was shown also that the insured was an educated woman and could

write, and that she always signed her name by writing it in full, and never signed by mark. Held, that the court did not err in refusing to allow said application to be introduced in evidence.

2. INSURANCE—Direction of Verdict—Proof of Fraud. Fraud is a fact to be proved as any other fact, by competent evidence; and, where there is no evidence in the record tending in any wise to establish that fact, which was the only defense relied upon in the case, it was not error for the court to direct a verdict for the plaintiff.

3. TRIAL—Direction of Verdict—Evidence. Where there is enough competent evidence in the record to support a verdict, and there is no conflicting evidence against plaintiff's contentions, it is the duty of the trial court to direct a verdict accordingly, on request of plaintiff.

(Syllabus by Robertson, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by William H. Prater again the Eminent Household of Columbian Woodmen. Judgment for plaintiff, and defendant appeals. Affirmed.

*Dorsey, Brewster, Howell & Heyman, J. B. Moore,* and *J. A. Bass,* for plaintiff in error.
*H. C. Potterf* and *E. A. Walker,* for defendant in error.

Opinion by ROBERTSON, C. This was an action to recover $717.50, alleged to be due the defendant in error from the plaintiff in error, by virtue of a certain policy of insurance issued to Mrs. Elizabeth Prater, under date of December 19, 1905, and in which the defendant in error, Wm. H. Prater, was named as beneficiary. The petition in the lower court was filed on December 17, 1906. The amended answer thereto was filed January 13, 1908. A reply was filed on June 3, 1910. The cause was tried to a jury on June 20, 1910, and resulted in a directed verdict for the defendant in error for the full amount claimed. The insurance company, feeling aggrieved by the judgment, brings error, and in its petition in error sets up eight

different assignments of error, but in its brief has waived consideration of all save two, which are:

"First. The court erred in refusing to admit in evidence competent and proper evidence offered by the plaintiff in error, by refusing to allow plaintiff in error to introduce in evidence the application of Mrs. Elizabeth Prater for a policy of insurance in the Eminent Household of Columbian Woodmen, plaintiff in error herein. Second. The court erred in overruling and in not granting the motion of the plaintiff in error for a new trial."

In support of the first assignment the plaintiff in error contends that the court erred in refusing to admit in evidence the so-called application of Mrs. Elizabeth Prater for the policy of insurance. This application consists of a purported statement by the insured showing, as is usual in such applications, the date of her birth, occupation, full duties, date of last serious illness, name of attending physician, and such like questions, tending to recite a history of her life, upon which the insurance company determined whether or not she was a proper subject for insurance. The name of the applicant was attached to the application, and it shows that she signed the same by mark. Dr. William T. Bogie's name also appears near the name of the applicant, with the word "witness" attached, inferring that he signed the same as a witness to the applicant's signature. At the trial the defendant in error, who was plaintiff below, offered in evidence the policy of insurance, the execution of which was admitted and in no wise contested by the insurance company. Reference is made in said policy to an application, but no such application was attached to or made a part of said policy. It was also admitted by the insurance company at the trial that the insured was dead, and that the defendant in error was the beneficiary named in the policy. After the introduction and reception of the insurance policy and the admissions by the insurance company as aforesaid of the death of the insured, the execution of the policy, etc., the plaintiff rested his case, whereupon the insurance company offered in evidence the above-mentioned application for insurance,

which, on objection by plaintiff was, by the court, rejected for the reason that its execution, having been denied under oath, was not in any manner proved, and was therefore incompetent, immaterial, and irrelevant. Dr. Bogie was called as a witness in behalf of the insurance company, and testified, among other things, that he was acquainted with Mrs. Elizabeth Prater in her lifetime; that he was employed by the defendant company as a medical examiner at the time he examined Mrs. Prater for insurance, at the time mentioned in the proffered application; that said examination was made by questions and answers; that the answers in the application in question were, he thought, in his handwriting; he recognized his signature at the bottom of the application as genuine; he testified that there was no one present except himself and Mrs. Prater at the time the examination was made; that he propounded the questions to her; that he did not see her sign her name by mark or otherwise; that he did not sign her name for her; that he did not know who did sign it. The plaintiff below, Wm. H. Prater, testified in his own behalf, among other things, as follows: That he was a son of Elizabeth Prater, deceased; that she was educated and could write; that he knew her signature; that the signature purporting to be hers, attached to the application offered in evidence by the insurance company, was not her signature; that she did not sign by mark, but always wrote her name.

The insurance company sought to evade liability under the policy of insurance on the ground of fraud, and specifically alleged that the answers made to the questions in the said application were false and untrue, and were known to be false and untrue when made by Mrs. Prater at the time of the execution of said application, and further alleged that said policy had been issued by virtue and on account of the false and fraudulent representations and warranties therein, made by the insured. But the foregoing evidence was all that was offered tending to establish the fraud alleged in the answer. There was no attempt made to supply the information contained in the applica-

tion, by secondary evidence or otherwise. There was an attempt made to offer in evidence the report of the worthy physician, which was made on the reverse side of the application for insurance. Objection was made on the ground that the physician having testified that he was the agent of the defendant company, and there having been shown no fraud or collusion existing between the said agent and the insured, the report of said physician would be immaterial and would have no bearing upon the issues in the case after the policy had been issued and delivered, which objection was properly sustained, with exceptions to the insurance company. The report of this worthy physician is directed to the insurance company, and is in the nature of a confidential statement and report of the physical examination of the applicant by the doctor, as the agent for the insurance company; there is not a word of testimony in the record tending to show that the insured ever saw the worthy physician's report, or that she knew the contents thereof; therefore it was clearly incompetent, for that its contents, whatever they may have been, could not bind the insured in any way.

Fraud is a question of fact, the burden of proving which rests in this case upon the defendant company. Fraud is never presumed, but must be proved by competent evidence by the party alleging the same. *In this case there is absolutely not one word of testimony, competent or otherwise, tending to show fraud on the part of the insured,* and the court committed no error in refusing to admit the application offered by the insurance company, for the reason that there was no proof that the same was in fact the application of Mrs. Prater. She did not sign the same. The doctor did not sign it for her, nor did he make her mark, nor witness her mark for her. The record affirmatively shows that she was an educated woman and could write her own name, and no excuse is offered as to why the said application purports to have been signed by her by mark, instead of in the usual manner. Nor was there any attempt made at the trial below to offer secondary evidence as to the truthfulness of the answers to the questions alleged to have been propounded to

her by the worthy physician, although the doctor was a witness for the defendant company. Whether or not it could be proved that the deceased insured made fraudulent representations and warranties concerning the condition of her physical health for the purpose of obtaining the policy of insurance we cannot say, but the presumption obtains that she did not; this fact was not proved, nor was any attempt made to prove it, notwithstanding the doctor who made the examination was on the witness stand in behalf of the defendant company.

Consequently we are bound to say that there is no proof in the record and no circumstance, however slight, tending to establish the fraud alleged in defendant's answer, and the court committed no error in directing a verdict for plaintiff. Under the well established rule, as laid down in *Solts v. Southwestern Cotton Oil Co.,* 28 Okla. 706, 115 Pac. 776:

"The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict should the jury find in accordance therewith. Where the evidence is conflicting and the court is asked to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the motion is leveled."

In this case there is no conflicting evidence in the record, and if there was we would be required to eliminate any fact or inference in conflict with the affirmative testimony tending to support the contention of plaintiff; therefore we have no hesitancy in saying that the lower court committed no error in refusing to admit in evidence the so-called application of the insured, for the reason that it was not shown that she ever signed said application, or that said application stated truthfully, or otherwise, her answers to the questions propounded by the worthy physician who made the examination. Nor was there

any error in rejecting the report of the worthy physician, for the reason that said report was in its nature a confidential statement, made direct to the insurance company by the company's agent, and with which the insured had no connection, nor was it shown that she knew anything of its contents, and it certainly cannot be contended that the insured would be bound by any written report which the physician under such circumstances might make to the company, especially since it is shown by the record that the company issued and delivered the policy subsequent to the date of the said worthy physician's report.

If an insurance policy could be avoided, and the company exonerated from liability thereunder, in this manner, life insurance would lose its attractiveness and value to the average person. If a company, after admitting the due execution and delivery of a policy, the death of the insured, and everything else necessary to establish liability, could thus escape responsibility, it would open the doors to all kinds of fraud and deceit. If a company after such admissions could bring into court a purported application for insurance, filled up with false and fraudulent representations and warranties, which paper had been in its exclusive possession all the time, and which was signed by mark, and the insurance company being admittedly unable to show, even by the doctor who claimed to have written the answers therein, that it was signed by the insured, and on the contrary, it being conclusively shown that the insured was an educated person, who never signed by mark, but always wrote her name, and no attempt of any kind being made to show, by secondary evidence or otherwise, that the answers in the application, notwithstanding the signature, were in fact the answers really made by the insured at the time of the examination, it would make all policy holders insecure in their insurance and place the insured absolutely at the mercy of the insurer. We do not pretend to say that the answers to the questions in the purported application were true, or that they were not made by the insured, but we do undertake to say that the application, as offered, was wholly incompetent to prove

those facts, and the court committed no error in rejecting the same. We are ·also satisfied that there is no word of testimony in the record tending in any manner to support the allegations of fraud, the only defense relied upon by the insurance company, and therefore there was nothing for the court to do but direct a verdict for plaintiff.

The judgment should be affirmed.

By the Court: · It is so ordered.