VINITA ELECTRIC LIGHT, ICE & POWER CO. v.

CARPENTER *et al.*

No. 4447.   Opinion Filed May 18, 1915.

(149 Pac. 126.)

**TRIAL—Demurrer to Evidence.** It is not error to sustain a demurrer to plaintiff's testimony unless the evidence, considered in a light most favorable to plaintiff's contention, reasonably tends to prove plaintiff's cause of action.

(Syllabus by Mathews, C.)

*Error from County Court, Craig County;*

*S. F. Parks, Judge.*

Action by the Vinita Electric Light, Ice & Power Company a corporation, against R. M. Carpenter and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Riddle & Bennett* and *Charles B. Mitchell*, for plaintiff in error.

*E. M. Probasco*, for defendants in error.

MATHEWS, C. 1. This suit was begun in the justice of the peace court upon an open account and, judgment there having gone for defendant Felts, an appeal was taken to the county court, and upon the trial there the judge sustained a demurrer to plaintiff's evidence, and the case is here for our determination.

The controversy arose over the claim for payment for some electric light fixtures placed in a certain restaurant in Vinita. The evidence shows that plaintiff furnished the fixtures included in the account sued on to one Wash Cook. The restaurant successively passed into the hands of Parker and Beaman, next to R. M. Carpenter, one of the defendants, and then to defendant Felts, the fixtures remaining in the restaurant and in use during the entire time.

It is contended by plaintiff that defendant Felts, when he took over the restaurant from Carpenter, agreed to pay the account for the electric light fixtures, which is denied by Felts. Mr. Lehman, manager for plaintiff, testified that as soon as he learned that defendant Felts had taken over the restaurant he called to see him about the payment of the account; that he gave him but little satisfaction, claiming that he wished to see his brother, Elmer Felts, first, and that when he called the third or fourth time he said that he did not think he was liable for the account. R. M. Carpenter, as a witness for the plaintiff, testified that he first opened negotiations about the restaurant with Elmer

Felts, a brother of defendant, J. O. Felts, and when he finally closed the deal with J. O. Felts, that Elmer Felts went with him and took possession; that he and Elmer Felts went to various parties who held mortgages on property in the place transferred, and explained the deal to them and these parties were afterwards paid by defendant, J. O. Felts; and that J. O. Felts never paid anything for the restaurant except as he discharged claims against the place. Carpenter further testified that he did not believe he had ever told Mr. Lehman that he would pay for the fixtures, and that he did not arrange to sell the fixtures to Felts. An instrument was introduced as evidence which seems to have been made by J. O. Felts, R. M. Carpenter, and E. W. Felts, which was an inventory of the fixtures and stock in the restaurant, and no mention therein appears as to any electric fixtures except an electric fan for which defendant offered payment which was refused, and the money to pay for same turned into court.

2. After plaintiff had rested his case the court sustained a demurrer to his evidence. From a careful consideration of the evidence it appears to us that the trial court was correct in sustaining the demurrer to the evidence. We know that a directed verdict for defendant upon a demurrer to plaintiff's testimony should be denied, where the evidence considered in a light most favorable to plaintiff's contention reasonably tends to prove plaintiff's cause of action, and if the testimony is conflicting it would be error to direct a verdict for the plaintiff.

We fail to find any evidence which from a reasonable intendment indicates that defendant Felts had assumed plaintiff's account, or had promised any one to pay for the electric fixtures, or was claiming to own the same. Carpenter, from whom he purchased the restaurant, testified he did not sell defendant Felts the electric fixtures, and the inventory made by them at the time of the transfer in failing to mention the electric fixtures among the articles taken over by defendant Felts, is a very sub-

stantial and satisfactory corroboration of Carpenter's testimony. Defendant Felts, as far as the evidence shows, as soon as he learned the facts, disavowed any ownership of the electric fixtures, disclaimed any liability therefor, and told plaintiff that he could remove the electric fixtures from the restaurant, if he so desired.

3. The plaintiff assigns as error the ruling of the court relative to certain evidence offered for the purpose of showing that Elmer Felts was the agent of defendant, J. O. Felts, and as such agent promised Mr. Lehman that the electric fixture account would be paid for by defendant Felts. There is no evidence in the record which has a reasonable tendency to prove that Elmer Felts was such an authorized agent of defendant Felts as to bind him by a promise made by Elmer Felts. There were several questions propounded to witnesses which appear to have that intent in view, and upon objection of defendant these questions were excluded by the court, and as no offer of the testimony was made by the defendant and incorporated in the record, we have no means at hand by which we can decide whether the ruling of the court was correct or not. The only testimony offered by defendant which was excluded by the court was that on the day of the transfer of the restaurant fixtures, Elmer Felts, who at that time seemed to be in charge of the restaurant, promised Mr. Lehman to pay the bill in suit. There is no evidence that he made the promise as the authorized agent of defendant Felts, and for that reason the testimony, if admitted, would not prove anything against defendant Felts.

We find no error in the record, and the judgment of the the trial court is affirmed.

By the Court: It is so ordered.