## CHICAGO, R. I. &. P. RY. CO. v. CRAIG.

No. 6589—Opinion Filed April 16, 1916.
Rehearing Denied May 2, 1916.
(157 Pac. 87.)

**1. Carriers—Transportation of Live Stock—Limitation of Liability.**

Where an action is brought to recover damages upon an interstate shipment of live stock, under a written contract, containing the provision that as a condition precedent to recovery of damages for any loss or injury to, or detention of live stock, or delay in transportation thereof, a written notice must be given of such damage to a designated representative of the carrier, within one day after the delivery of the stock at its destination, such provision being reasonable and valid, the failure to give such notice is a complete bar to such action.

**2. Same.**

In the absence of fraud on the part of a carrier, the shipper of an interstate shipment of live stock cannot, by showing that he executed the contract of shipment hurriedly, or without due care, or that he was ignorant of its conditions, or failed to read the same, avoid the limitations of the carrier's liability contained in such contract.

(Syllabus by Collier, C.)

Error from Superior Court, Garfield County; Dan Huett, Judge.

Action by S. C. Craig against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff and defendant brings error. Reversed and remanded, with directions to dismiss action.

K. W. Shartel, C. O. Blake, R. J. Roberts, W. H. Moore, and J. G. Gamble, for plaintiff in error.

H. Z. Wedgwood, for defendant in error.

Opinion by COLLIER, C. This action was brought by the defendant in error, hereinafter styled plaintiff, to recover damages for negligence in an interstate shipment of cattle made on the 8th day of February, 1913, from Meno, Oklahoma, to Kansas City, Mo.

There is but one material question involved in this appeal, and that is whether or not the shipment was made under contract attached as Exhibit "2" of defendant's answer and introduced in evidence.

The said contract, among other provisions, provided:

"Seventh. That as a condition precedent to claiming or recovering damages for any loss or injury to or detention of live stock, or delay in transportation thereof, covered by this contract, the second party, as soon as he discovers such loss or injury, shall promptly give notice thereof in writing to some general officer, claim agent or station agent, of the first party, or to the agent at destination, or to some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, as the case may be, and before such stock is mingled with other stock; and such written notice shall in any event be served within one day after delivery of the stock at its destination, in order that such claim may be fully and fairly investigated. It is agreed that a failure to strictly comply with all the foregoing provisions shall be a bar to the recovery of any and all such claims."

The evidence is without material conflict as to the negligence complained of and the injury suffered, and the undisputed evidence is, that the notice required by said sec. 7, of said contract was not given.

The evidence as to the execution of the contract is that plaintiff signed the contract offered in evidence; that he signed the same in the depot at the window, that at the time he signed it he believed that there were one or two lights, one in the office and the other was in the agent's office; and at the time he signed the contract, it was not completed and agent of defendant was not ready to turn it over to him; that after he signed the paper he went to get his grip, which was about half a block away, which would probably take three or four minutes; that when he got back he got right on the caboose and they whistled out just as he stepped upon the platform; that he did not know what it contained; that from the time he got on the train until he got off he could not say that he had an opportunity to read the contract; that the agent of the defendant did not give him the contract at that time; that he did not read it or attempt to read it; that he just signed where he told him to.

There is no evidence as to what part of the contract was incomplete at the time the plaintiff signed the same, other than that the number of the cars in which the cattle were shipped had not been inserted therein, and there is no evidence to sustain the averment in plaintiff's reply that the said contract was obtained through deceit and fraud.

At the close of the testimony of plaintiff the defendant demurred to the evidence, for the reason that the evidence showed that the plaintiff was not entitled to recover in this action from the defendant, and it appeared that the shipment was made under written

contract and there has been no evidence to set aside such contract, and that the contract is in full force and effect, and there is no evidence showing compliance with the contract, but on the contrary, the evidence shows there was a failure to comply with the terms of the contract, which demurrer was overruled and exception duly saved.

Upon the close of the testimony the defendant requested a directed verdict for the defendant, which was overruled and duly excepted to. The jury returned a verdict for the plaintiff in the sum of $100, which was duly excepted to.

The defendant finally moved for a new trial, which was overruled and excepted to, and judgment entered in accordance with verdict, to which the defendant duly excepted.

There are two errors assigned by defendant: (1) The court erred in overruling defendant's demurrer to plaintiff's evidence. (2) The court erred in overruling defendant's motion for directed verdict in its favor.

We are of the opinion that the shipment was made under the contract in evidence, and the evidence showing the manner of the execution of the contract and the want of knowledge of the contents on the part of the plaintiff, we do not think sufficient to avoid the contract of shipment.

In St. L. & S. F. R. Co. v. Ladd, 33 Okla. 160, 124 Pac. 461, Mr. Chief Justice Kane says:

"The rule seems to be well settled that a shipper of live stock can not, in the absence of fraud by the carrier, avoid limitations of the carrier's liability contracted in the bill of lading or shipping contract by showing that he executed the contract hurriedly, or without due care, or that he was ignorant of its contents, or failed to read the same. Nashville, etc., R. Co. v. Stone, 112 Tenn. 348, 79 S. W. 1031, 105 Am. St. Rep. 955; Hoffman v. Metropolitan Exp. Co., 111 App. Div. 407, 97 N. Y. Sup. 838; Wabash, etc., R. Co. v. Black, 11 Ill. App. 465; Stewart v. Cleveland, etc., R. Co., 21 Ind. App. 218, 52 N. E. 89; Patterson v. K. C., etc., R. Co., 56 Mo. App. 657; Mills v. Weir, 82 App. Div. 396, 81 N. Y. Sup. 801; Johnstone et al. v. Richmond, etc., R. Co., 39 S. C. 55, 17 S. E. 512. 'As has been said by one court,' says Elliott in his work on Railroads (Vol. 4, sec. 1502A), 'It would tend to disturb the force of all contracts if one in possession of ordinary capacity and intelligence were allowed to sign a contract and act under it in the enjoyment of all its advantages, and then to repudiate it upon the grounds that its terms were not brought to his attention. In the absence of fraud, misrepresentations, or mistakes, it must be presumed that he read the contract, and assented to its provisions.' In the case at bar it is apparent that it was the desire of the shipper that his cattle should be forwarded on the

train they did go on and that the haste was necessary in order that his wishes in that respect could be carried out. There is no charge of fraud on the part of the railway company or its agents in the matter, and there seems to be an entire lack of any of the ordinary grounds for relieving a competent party from the performance of conditions contained in a contract voluntarily signed by him."

That the notice required by sec. 7 of the contract hereinafter quoted is a condition precedent to the maintenance of this action is not an open question, it having been repeatedly decided by this court and the Supreme Court of the United States that the same is reasonable and valid when applied to interstate shipments. Patterson v. M., K. & T. R. Co., 24 Okla. 744, 104 Pac. 31; C., R. I. & P. R. Co. v. Wehrman, 25 Okla. 147, 105 Pac. 328; C., R. I. & P. Co. v. Spears, 31 Okla. 469, 122 Pac. 288; St. Louis & S. F. R. Co. v. Ladd, 33 Okla. 160, 124 Pac. 461; M., K. & T. R. Co. v. Handcock & Goodbar, 26 Okla. 265, 109 Pac. 223; M., K. & T. R. Co. v. Davis, 24 Okla. 677, 104 Pac. 34, 24 L. R. A. (N. S.) 866; St. L. & S. F. R. Co. v. James, 36 Okla. 196, 128 Pac. 279; Midland Valley R. Co. v. Ezell, 36 Okla. 517, 129 Pac. 734; St. L. & S. F. R. Co. v. Cox, 40 Okla. 258, 138 Pac. 144; M., K. & T. R. Co. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 379, 57 L. Ed. 690; A., T. & S. F. R. Co. v. Robinson, 233 U. S. 173, 34 Sup. Ct. 556, 58 L. Ed. 901; Kansas City Southern R. Co. v. Carl, 227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683.

The evidence being uncontradicted as to the execution by plaintiff of the contract for shipment and that the plaintiff did not give the notice within the time required by provision 7 of the said contract hereinbefore quoted, the giving of which said notice is a condition precedent to the right to maintain this action, such failure to give such notice was a complete bar to this action, and the court committed reversible error in overruling the demurrer to plaintiff's evidence and also in refusing to affirmatively instruct the jury in favor of the defendant as requested.

"It is not error to sustain a demurrer to plaintiff's testimony unless the evidence, considered in the light most favorable to plaintiff's contention, reasonably tends to prove plaintiff's cause of action." Vinita Elect. Light & Power Co. v. Carpenter, 46 Okla. 561, 149 Pac. 126.

"It is not error to give a peremptory instruction, when the evidence in favor of one of the parties is uncontradicted." Smoot & Abbott v. W. L. Moody & Co., 34 Okla. 522, 125 Pac. 1134.

This cause should be reversed and remanded with instructions to the trial court to dismiss the cause with prejudice.

By the Court: It is so ordered.