### TOOMEY v. SPORN et al.

No. 19226. Opinion Filed May 20, 1930.

Rehearing Denied Sept. 16, 1930.

Bierer & Bierer, for plaintiff in error.

H. M. Jarrett and Andrews & Andrews, for defendants in error.

TEEHEE, C. On August 10, 1927, plaintiff in error, C. C. Toomey, brought suit against defendants in error, William Sporn and the Farmers & Merchants Bank of Tryon, Okla., for a money judgment in the amount of $1,000, with interest thereon from May 19, 1927.

The litigation arose out of an executory contract of sale of 640 acres of land situated in Lincoln county owned by defendant Sporn, which plaintiff agreed to buy for a

consideration of $18,000. The contract was entered into on February 17, 1927, and was conditioned, to wit:

"That a copy of this agreement, together with a deed of conveyance of the said property to second party, free and clear of all liens and incumbrances whatsoever, except any valid oil and gas lease now recorded against said property, shall be deposited in the Farmers & Merchants Bank at Tryon, Okla.

"That within five days complete abstracts of title covering said property shall be furnished second party, c/o Box 462, Tulsa, Okla., for his examination; that 10 days thereafter shall be allowed to examine the same, and any corrections that may be necessary and which can be complied with by first party shall be made within 30 days thereafter.

"Upon approval of the title to said property by the attorney of the second party, within 30 days from date thereof, the said purchase price shall be paid by the said second party to first party, and at the same time the second party shall receive said warranty deed as above set forth.

"Party of the first part to furnish court title.

"The sum of $1,000 is hereby paid upon the above and foregoing agreement, to be credited as a part of said purchase price upon the consummation of the sale of said property under the terms and conditions above set forth."

Pursuant thereto, a copy of the contract, defendant Sporn's deed, and the payment of $1,000 by plaintiff were deposited in escrow with the defendant bank.

Pleading the contract, plaintiff alleged:

"That the defendant William Sporn has not made or tendered to this plaintiff, or deposited in the Farmers & Merchants Bank of Tryon, Okla., a deed of conveyance of said described section of land, free and clear of all liens and incumbrances whatsoever, except a valid oil and gas lease then of record against said property, and that said defendant did not within five days after February 17, 1927, furnish complete abstracts of title covering said property, or any of the tracts involved therein, to this plaintiff, the second party thereof, c/o Box 462, Tulsa, Okla., or any other place, for his examination, and has not made corrections that may be necessary, all of which he was advised within 30 days thereafter, nor has he done so up to the present time, and, also, plaintiff alleges that the title to said property was not approved by the attorney for the plaintiff, second party to said contract, within 30 days from date thereof, February 17, 1927, and that the title to be furnished by defendant William Sporn to plaintiff for said land within the time provided in said con-

tract was not a court title, and that the defendant William Sporn did not, as provided in said contract, furnish plaintiff with approved court title to said land."

Plaintiff further alleged "that after breach of said contract by the defendant William Sporn, by failure to furnish abstracts of title to said land, or any parts thereof, which constituted a complete breach of said contract on the part of the defendant William Sporn, the plaintiff, C. C. Toomey, did borrow "two abstracts of title each covering 160 acres of the contracted land, and that "on March 21st, Mr. O. S. Booth, attorney for plaintiff, C. C. Toomey, examined each of said abstracts, and made written opinions thereon," copies of which were pleaded, and whereunder the titles were disapproved, and that the objections thereagainst were not corrected "within 30 days thereafter, as provided by the terms of said contract," and that "the defendant William Sporn has never made correction thereof, and has never furnished this plaintiff with any correction thereof, or with any abstract of title showing that the said objections had been corrected," by reason whereof, under the terms of the contract, he was entitled to the return of the sum of money paid as aforesaid, for which demand was made upon the defendant bank and repayment by it was refused.

By answer, defendant Sporn admitted the execution of the contract, and that plaintiff thereunder paid to the defendant bank the sum of $1,000, but denied the alleged breach of the contract by him, and thereupon prayed that plaintiff take nothing by his suit.

Defendant bank, by its answer, pleaded that it was only an escrow holder of the money, and was ready and willing to pay over the same to the party litigant adjudged by the court to be entitled thereto. Upon the issues framed by the pleadings, the cause proceeded to trial to the court sitting as a trier of fact.

Plaintiff's evidence showed that the abstracts mentioned in his pleadings, by agreement of the parties, were to be borrowed from the oil companies holding leases on the property, and that plaintiff so secured the same and placed them in the hands of his examining attorney on either March 9th or 10th. On March 21st, his attorney gave him written opinions of title, wherein many objections to the titles examined were made, and whereby the titles were disapproved.

On March 22nd, plaintiff wrote defendant Sporn as follows:

"I am enclosing herewith copies of opinions covering the S. E. 1/4 of section 22 and the N. W. 1/4 of section 23, township 16

north, range 3 east, Lincoln county, being part of your land.

"It appears from the opinions covering these two tracts, that the titles are not merchantable, and inasmuch as it was desired that the entire tract be purchased, or none, I ask that the deposit be returned and the trade called off.

"I will return the abstracts to the parties from whom I borrowed them for examination. I secured supplements which cost me some $7.50, and will be glad to send these supplements to you if you so desire."

To that letter defendant Sporn's attorney, H. M. Jarrett, on March 24th, replied to the effect that certain oil companies "had taken the titles and that these matters that your Mr. Booth had suggested were errors in the abstracting and not in the title," and that "when you send me the abstract, I will take the matter up fully, and I can assure you that we will make any reasonable correction that may be necessary to give you a good title." To that letter plaintiff made no response, and no step was taken by him to send the abstracts to defendant Sporn's attorney as by him requested.

On May 18th, by letter, plaintiff advised the defendant bank that, as his attorney had disapproved the title to the contracted land, and that, as defendant Sporn had not met the objections thereto, he was drawing a draft for $1,000 on the bank and requested that his draft be honored.

On May 19th, by letter, the defendant bank advised plaintiff that, as defendant Sporn was claiming the money under the terms of the contract, the draft was being returned unpaid. Some other correspondence followed.

On June 16th, the abstracts were returned by plaintiff's attorney to the parties from whom they were borrowed.

These salient points of the evidence were enlarged upon in detail by other evidence. To this evidence, defendants demurred on the ground that it failed to state facts sufficient to constitute a cause of action against them, which demurrer was by the court sustained, whereupon judgment was rendered for defendants.

Plaintiff's complaint of the judgment is predicated on the ground that the court erred in sustaining defendants' demurrer to his evidence.

Plaintiff urges that, under the general rule, in our disposition of his complaint we are required to consider as verity every fact which his evidence directly or inferentially tends to prove. This calls for an examination thereof. From this examination, as will be noted, it is clear that the case falls within the rule that:

"Where the evidence, as a whole, with all the inferences that can be properly drawn from it, is insufficient to support a judgment in favor of the plaintiff, it is not error to sustain a demurrer thereto"

—which has often been applied by this court. Duncan v. Keechi Oil & Gas Co., 75 Okla. 98, 181 Pac. 709; Quadrangle Petroleum Co. v. McCabe, 111 Okla. 260, 239 Pac. 620; Remarkis v. Reid, 64 Okla. 104, 166 Pac. 728; Hargrove v. Bourne, 47 Okla. 484, 150 Pac. 121; Vinita Electric Light I. & P. Co. v. Carpenter, 46 Okla. 561, 149 Pac. 126; Pringey v. Guss, 16 Okla. 82, 86 Pac. 292.

To sustain his complaint, plaintiff proceeds on the theory that time was of the essence of the contract, and that, as his evidence without dispute showed that defendant Sporn did not meet the objections raised against the title to the property contracted for to the satisfaction of his attorney, within the time fixed by the contract, under the rule of First National Bank v. Clay, 74 Okla. 112, 177 Pac. 115, and Eason v. Walter, 118 Okla. 37, 246 Pac. 865, and other like cases, the contract did not become a binding and effective instrument between the parties thereto, and this being true, it must logically follow that tne court erred in the premise complained of.

It is apparent from the record that the court proceeded on the theory contended for by defendants, namely, that plaintiff's evidence established a refusal by him to further perform the contract, for which reason defendant Sporn was not required to meet plaintiff's objections to the title of the property, and that, in this view of the case, it was immaterial whether or not the objections were either vital or merely technical. It may be observed that the evidence showed the objections to be of such a character as to have been easy of correction, and perhaps capable of correction within the time fixed by the contract if the abstracts had been sent to defendant Sporn's attorney as by him requested, which, as shown by the evidence, had been borrowed for the purposes of the contract, and were then in plaintiff's possession by his attorney, and so continued for three months thereafter. Even so, it was the view of the court that, with plaintiff's letter of March 22nd before him, it would have been superfluous for defendant Sporn to have done so.

Rejection of plaintiff's theory of the case is not without justification by the record. Both his pleadings and evidence show that he did not regard time to be of the essence

of the contract. He waived the requirement of the furnishing of the abstract of title within the five-day period fixed by the contract, as he agreed with defendant to secure the same otherwise, which was done 20 days after the date of the contract. He also waived the ten-day provision for the examination of the record title, this having been done by his attorney 11 days after delivery of the abstracts to the attorney. These acts of nonobservance of the five- and ten-day provisions were sufficient to prevent plaintiff's claim of nonperformance of the 30-day provision, within which time defendant Sporn was required to meet any title objections if that could not have been done with the abstracts promptly placed in his hands, for it is a general principle of law that, "if a party to a contract who is entitled to the benefit of a condition, upon the performance of which his responsibility is to arise, dispense with, or by any act of his own, prevent the performance, the opposite party is excused from proving a strict compliance with the condition." St. Clair v. Hellweg, 173 Mo. App. 660, 159 S. W. 17; District of Columbia v. Camden Iron Works, 181 U. S. 453, 21 S. Ct. 680, 45 L. Ed. 948.

The result of these acts of waiver in the further performance of the contract, as a legal proposition, would have given defendant Sporn a reasonable time within which to have met the title objections just as if no time had been specified, if, in fact, such objections were the reasons of refusal by plaintiff to complete the contract. Section 5060, C. O. S. 1921; Garland v. Hunter, 77 Okla. 201, 187 Pac. 466; Quincy Show Case Works v. Briscoe, 126 Okla. 144, 259 Pac. 128; Stewart v. Ludlow, 127 Okla. 144, 259 Pac. 835.

Plaintiff's failure of response to defendant Sporn's request for the abstracts is a strong circumstance showing that he did not intend that his letter of March 22 should be regarded as a proposal to call off the trade as is contended by him, but, on the contrary, shows a refusal to further proceed to its ultimate conclusion notwithstanding defendant Sporn's readiness to fulfill his part of the contract of which plaintiff was advised. This refusal was further confirmed by plaintiff's letter of May 18th, advising the bank that he was drawing on it for the $1,000, which, under the terms of the contract, was paid by him in part performance thereof.

In these circumstances of the case, we think the rule of the cases relied on by plaintiff, which proceeds on the theory that the conditions precedent to a binding contract had not been performed, to be inapplicable here, and that the cause is controlled by the well-established principle that:

"Where a vendee pays money in part performance of an executory contract of sale and fails to perform it, he cannot recover of the vendor the money so paid." Beatty v. Wintrode Land Co., 53 Okla. 118, 155 Pac. 574; Snyder v. Johnson, 44 Okla. 388, 144 Pac. 1035; Hurley v. Anicker, 51 Okla. 97, 151 Pac. 593; Jackson v. Peddycoart, 98 Okla. 198, 224 Pac. 689.

In Helm v. Rone, 43 Okla. 137, 141 Pac. 678, there appears an excerpt from the opinion in Hansbrough v. Peck, 72 U. S. 497, 18 L. Ed. 520, which expresses the controlling rule in this language, to wit:

"And no rule in respect to the contract is better settled than this: That the party who has advanced money, or done an act in part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done."

It is apparent, therefore, that, taking the evidence as a whole, it is insufficient to support a judgment in favor of the plaintiff, for which reason it is manifest that the court did not err in sustaining defendants' demurrer thereto, and rendering judgment for defendants.

The judgment of the district court is affirmed.

BENNETT, REID, and FOSTER, Commissioners, concur.

LEACH, Commissioner, dissents.

ANDREWS, J., disqualified and not participating.

By the Court: It is so ordered.

Note.—See under (1) 26 R. C. L. p. 1062; R. C. L. Perm. Supp. p. 5835. (2) anno. L. R. A. 1918B, 541; 27 R. C. L. p. 624; R. C. L. Perm. Supp. p. 5985. See "Trial," 38 Cyc. p. 1547, n. 13. "Vendor and Purchaser," 39 Cyc. p. 2025, n. 58; p. 2067, n. 94.