## VERA STATE BANK v. YOUNG et al.

No. 19813. Opinion Filed Dec. 30, 1930.

Sam A. Neely and Burns McCain, for plaintiff in error.

John F. Pendleton, for defendants in error.

BENNETT, C. The positions of the parties in the trial court are reversed in this court. They will be referred to, respectively, as plaintiffs and defendant, as they appeared below.

On March 18, 1927, plaintiffs, by proper petition, brought a replevin action against defendants for certain machinery, to wit, one lightning combination hay press No. 0337 with Stover engine, of the value of $250, two 6-foot Deering hay mowers of the value of $50, and one sulkey rake and one sweep rake of the value of $50. Plaintiffs, in addition, demanded $100 damages for the detention of said property. The answer, after setting up a general denial, pleaded that the property described was levied upon and held by Lapsley, constable of Vera township, by virtue of a writ of execution issued out of a justice court in Ramona township, Washington county, Okla., in an action wherein the Vera State Bank was plaintiff and one Van Rhae was defendant, in which action the bank obtained judgment against Van Rhae for $106.-59 with costs; that Van Rhae was owner and in possession of the property at the time of the levy and long prior thereto, and was the owner of said property, and that if plaintiffs had any right or interest in the property, same was acquired from Van Rhae, the owner, without any change in possession of said property; that the defendant had no notice that the plaintiff claimed any right to said property at the time of said levy. The reply is a general denial, and avers that the plaintiffs are the owners and have been in possession thereof since long prior to the levy of the execution in the case set out in the answer; that Van Rhae had no interest in the same at the time of such levy, and that if he claimed possession thereof, it was only as custodian for the plaintiffs.

The following is a brief abstract of the evidence:

E. F. Young, witness for plaintiffs: Is a member of Young Brothers Hay Company, a copartnership, defendants in error; has been in the hay business and dealing with hay machinery many years; that the fair market price of the hay press was $250; that the two six-foot mowers were worth $30 each, and that one of the rakes was worth $25, and the other $15 at the date of the institution of the suit, and that these values were based upon his knowledge of the actual market value of the machinery at the time of bringing suit; that all of this property is owned by plaintiffs; that it was bought in the summer of 1923 by Van Rhae from Young Brothers Grain & Hay Company, a corporation, but, in September, 1926, he, being unable to pay for the same, surrendered it back to the seller in exchange for the cancellation of the balance of the claim for purchase money; that the machinery was actually delivered to said vendor who afterwards used same for baling purposes. Plaintiffs never knew of the machinery being in Washington county. Later they learned that the constable, Lapsley, claimed to have some lien on this property, and they went to the bank of Vera and explained to it that its claim was not well founded, but the bank and Lapsley refused to surrender the property. The bank claimed it by virtue of the execution mentioned above. This witness was asked as to how plaintiffs' damages of $100 against defendants arose, and he stated that they

went over to Oolagah to get the baler, but without avail; finally they went to Tulsa to try to get the possession and informed defendants that plaintiffs had a contract to bale with this equipment 300 tons of hay during the season, but defendants refused to release the machinery. Plaintiffs had a man hired to work on the same. Plaintiffs on two occasions sent trucks for the machinery, but they were ordered off the place. Plaintiffs were delayed on these accounts for 26 days. In fact, they were delayed until the hay to be baled was almost burned up and was much damaged; that they had to get up other balers and machinery to bale the hay and that the damage was over $100.

Cross-examination: The Young Brothers Grain & Hay Company, a corporation, after its sale of equipment to Van Rhae, was dissolved and their property, assets, moneys, etc., were taken over by Young Brothers Hay Company, a copartnership, composed of E. F. Young, A. D. Young, and Will H. Young. The testimony of this witness is corroborated by that of A. D. Young, Bruce Mitchell, and Van Rhae.

Plaintiffs rested. Defendants demurred to plaintiffs' evidence as insufficient, and also moved for an instructed verdict upon the ground that there was a fatal variance between the allegations of the petition and the proof. Each of these was overruled. Thereupon defendants announced that they had no evidence to offer, and plaintiffs moved for an instructed verdict, and the court directed a verdict for the plaintiffs for the possession of the property, or the value thereof, as set forth in the petition, and for damages in the sum of $100, to which the defendants excepted, and from this judgment defendants appeal.

Ten assignments of error are made, but in the brief the contentions are set out under two heads.

1. That the court erred in instructing the jury to return a verdict for the plaintiffs for the value of the property as set forth in plaintiffs' petition. This is predicated upon the assertion that there was insufficient evidence of value shown in the proof. With this contention we cannot agree. A specific value was placed upon each article by plaintiff E. F. Young, who qualified himself fully to speak on the subject. And barring a discrepancy, which is unimportant, his testimony bore out the value fixed in plaintiffs' petition. There is nothing inherently improbable, ambiguous, evasive, or contradictory about his testimony, nor is there a word of cross-examination of the witness with re-

spect to these values detained. There was no contradictory evidence. It was the only evidence before the court and jury. We think it clear, therefore, that under the authorities presented under the next contention, it was the duty of the court to instruct the jury on this phase of the matter as to the value of the property.

2. Under this head it is argued that it was error for the court to instruct the jury to find a verdict for the plaintiffs for damages in the sum of $100. We have hereinbefore set out the evidence with respect to the damages. If the only evidence introduced is credible, the damage was more than $100. There is nothing inherently improbable in this testimony; there is no cross-examination of the witness with reference to it; it is not evasive, or ambiguous, or unreasonable. There is no fact or circumstance in the entire record which would discount or discredit either this witness or his testimony, either with respect to the value of the property, or the amount of damages, and it might be added that there is no other evidence of any kind from any source dealing with this subject, and all the proof went in without objection.

What, therefore, was the duty of the court at the time the defendants refused to introduce proof, but chose to rely upon that introducted by plaintiffs?

In the case of General Accident, etc., Corp. v. Thompson, 101 Okla. 138, 223 Pac. 666, the third paragraph of the syllabus is as follows:

"It is not error to give peremptory instruction for the plaintiff where the plaintiff's evidence makes out his case, and the defendant introduces no evidence to rebut it."

In that case plaintiff had taken out insurance against the loss of certain diamonds worn on his person. He introduced testimony as to being robbed and as to the ownership and value of the diamonds taken. It was stated in the case that certain parts of plaintiff's evidence were contradictory, but not that part of it dealing with the vital issues, to wit, the ownership of the diamonds, the value thereof, and the robbery. The court said:

"This evidence, as to the ownership of said diamonds by the plaintiff and the value thereof, and as to the loss by highway robbery, was not inconsistent, evasive, or unreasonable, nor did the physical facts and circumstances surrounding the transaction tend to contradict such positive testimony, nor was it contradicted by any evidence on behalf of defendant; therefore, the trial court proper-

ly directed a verdict for the plaintiff. Moore v. Leigh-Head & Co., 48 Okla. 228, 149 Pac. 1129; City of Claremore v. Southwestern Surety Ins. Co., 82 Okla. 118, 198 Pac. 573; Byers v. Ingraham, 51 Okla. 440, 151 Pac. 1061; Longest v. Langford, 67 Okla. 155, 169 Pac. 493; Smoot & Abbott v. W. L. Moody & Co., 34 Okla. 522, 125 Pac. 1134; Aminent Household of Columbian Woodmen v. Prater, 37 Okla. 568, 133 Pac. 48."

In Amorita Milling Co. v. Miller, 99 Okla. 90, 225 Pac. 918, the third paragraph of the syllabus is as follows:

"The record discloses that there was no conflicting evidence upon any material question in issue, and the court did not err in instructing a verdict for the plaintiff."

The court, discussing the contentions in the last named case, said:

"It is contended under the rule adhered to by this court, that where the evidence is conflicting and the court is asked to direct a verdict, the evidence favorable to the moving party must be eliminated from consideration and wholly disregarded, leaving for consideration only that evidence favorable to the party against whom the motion is leveled; that all the evidence in favor of the plaintiff was withdrawn from consideration of the court in considering the motion for a directed verdict, leaving only the evidence of the defendant, together with all the reasonable inferences that might be drawn therefrom for the consideration of the court. The rule has no such application. That rule rests upon the right of parties in a law action to have a jury weigh conflicting evidence, judge the credibility of witnesses and the weight to be given their testimony, but such right does not relieve a trial court of the duty of determining in the absence of conflicting evidence, whether or not a cause of action has been established, or directing a verdict for the plaintiff, in the absence of such conflicting evidence, where the burden of proof has been sustained. Before the evidence of the moving party may be withdrawn from consideration, there must be conflicting evidence. In this case, there was no conflicting evidence as to any material question. No questions of fact were presented for the consideration of the jury, and we think the court did not err in directing a verdict for the plaintiff."

In Central Life Ins. Soc. of the U. S. v. Pyburn, 97 Okla. 141, 222 Pac. 683, the fourth paragraph of the syllabus reads as follows:

"Section 572, Comp. St. 1921, provides that 'a new trial shall be granted where the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law.' And where the evidence is such that it would clearly be the duty of the trial court to set aside a verdict for the defendant, it is not error to direct a verdict for the plaintiff. If the evidence on behalf of the plaintiff is sufficient to prove his cause of action, and there is no substantial evidence offered by the defendant upon any material issue in the case, it is not error for the trial court to instruct the jury to return a verdict for the plaintiff. Fourth syllabi, Cockrell v. Schmitt, 20 Okla. 207, 94 Pac. 521, 129 Am. St. Rep. 737."

The court in the opinion says:

"It is not error to sustain a motion for an instructed verdict where the evidence on the material issues in the case is sufficient and uncontradicted."

Finally, the defendant cites section 4807, R. L. 1910, which deals with the usable value of the personal property. Perhaps the ground for referring to this section was that the proof did not establish general damages, but tended only to establish special damages. We think this becomes immaterial when all the testimony went in without a hint of objection, without protest or explanation. If the plaintiff had pleaded special damages, the same might have been recovered. If he did not plead them, but introduced without objection proof of them, it is too late here to present the point for the theory established below will be held to apply here, and such amendments of the pleadings as may be necessary to conform to the proof will be treated as having been aptly made. No point as to the pertinency or admissibility of the evidence was raised in the trial court, and none will be considered here.

We have read the entire record, and, under the authorities cited, we hold that the judgment of the trial court should be affirmed.

TEEHEE, DIFFENDAFFER, EAGLETON, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note. See under (1) 26 R. C. L. p. 1073; R. C. L. Perm Supp. p. 5838; R. C. L. Continuing Perm. Supp. p. 1080. (2) 21 R. C. L. p. 579, et seq.; R. C. L. Perm. Supp. p. 5077; Continuing Perm. Supp. p. 875.